## P. CUNNINGHAM *v.* T. H. HAWKINS.

PROOF THAT DEED WAS INTENDED AS MORTGAGE.—Parol testimony is admissible to show that a deed, absolute on its face, was intended by the parties to be a mortgage, and this rule applies to cases in law as well as in equity.

EVIDENCE IN EJECTMENT.—In actions to recover real property, testimony is admissible to show that a deed, absolute on its face, was intended as a mortgage.

APPEAL from the District Court, Tenth Judicial District, Sierra County.

This was an action to recover possession of one undivided fourth part of a mining claim situated at Poverty Hill, Sierra County.

The complaint averred that on the first day of September, 1861, the plaintiff was the owner of and in possession of the interest in the claim in dispute, and that on the same day defendant entered and ousted him from the possession thereof.

Plaintiff, on the trial, proved that on and before the 16th day of February, 1856, one James Cunningham was the owner of and in possession of the interest in dispute, and that on the same day he sold and delivered possession thereof to one James H. Bartlett.

Plaintiff then introduced in evidence the following bill of sale :

"POVERTY HILL, May 13th, 1856.

"*Know all men by these presents,* that I do, for and in consideration of the sum of two hundred and two dollars 65-100, with interest from date till paid by me, transfer all my right, title, and interest in the claims known as Bartlett, Craig & Co.'s, on Poverty Hill, to Geo. Raskt & Co. Said interest consists of one fourth part of six claims.

"JAMES H. BARTLETT.

"JAMES CUNNINGHAM,
"GEORGE WEST."

Plaintiff then proved that the land described in plaintiff's complaint was, at the time said conveyance was made, known and designated as Bartlett, Craig & Co.'s Claims, and that the interest described in said conveyance was the same interest in said land that this action is brought to recover. That the firm of Geo. Raskt & Co. named in said conveyance, was composed of Geo. Raskt and the defendant, T. H. Hawkins.

Plaintiff then gave in evidence a note from James H. Bartlett to Raskt & Co., of which the following is a copy :

"POVERTY HILL, Sierra County, Cal., May 13th, 1856.

" On demand, for value received, I promise to pay to Geo. Raskt & Co. the sum of two hundred and two dollars 65-100, with interest at the rate of three (3) per cent a month till paid.

"$202 65-100.            JAMES H. BARTLETT.
" Witness : GEO. WEST."

Plaintiff then offered to prove by the testimony of the said James H. Bartlett that the conveyance was intended as a mort-

gage to secure the payment of the note, and not as an absolute conveyance.

Plaintiff then introduced in evidence a deed from said Bartlett to him of the property in dispute, dated August 1st, 1861, and proved that a few days after the execution of the same he exhibited the same to defendant, and offered to pay him any demand he might have against said Bartlett which was a lien on the premises.

Defendant recovered judgment in the Court below, and plaintiff appealed.

The other facts are stated in the opinion of the Court.

*Williams & Johnson*, for Appellant.

It is now the settled rule in this State, and has been since the question was first before Mr. Justice Field, that parol evidence is admissible in equitable actions to show for what purpose a written instrument was given, when that evidence is pertinent to the issues made. We are unable to see a reason for a different rule in actions at law. Possession and the Statute of Limitations were made issues by defendant in this case, and we had a right to bring ourselves within the statute, and to show our possession by showing that Hawkins held as mortgagee. If in doing this it becomes necessary to prove for what purpose a writing was given, we have unquestionably the right to make the proof. True, the written instrument best proves its contents; nor do we seek to change or disturb the wording of the instrument, or its meaning—but we asked to show for what purpose it was given.

*Creed Haymond*, for Respondent.

By the Court, SAWYER, J.

Plaintiff introduced in evidence an instrument in writing executed by James H. Bartlett, dated May 13, 1856, purporting to transfer to George Raskt & Co. "all my (his) right, title and interest in the claims" in dispute, " in consideration of

the sum of two hundred and two dollars and sixty-five cents, with interest from date till paid by me." Also, a note given by said Bartlett to said Raskt & Co., bearing the same date, for the sum of two hundred and two dollars and sixty-five cents, payable on demand with interest until paid, at three per cent per month. He then offered to prove by Bartlett, that, the said instrument transferring said claims was intended by the parties to be a mortgage to secure the payment of said note. Upon objection of defendant the testimony was excluded by the Court, and exception taken to the ruling by plaintiff. The ground of the objection, is, that the evidence is irrelevant, and that it is inadmissible to show by parol that the instrument was intended as a mortgage. The testimony is relevant; and it is now settled in this State that parol evidence is admissible to show that a deed absolute on its face was intended to be a mortgage. (*Pierce* v. *Robinson*, 13 Cal. 116; *Johnson* v. *Sherman*, 15 Cal. 291.) Nor can the rule be confined to cases that formerly were cognizable in equity alone. There is but one form of action in this State, and the same rules of evidence must be applied alike to all cases. It may be that formerly the rule prevailed only in cases in equity. But, however that may be, there is no distinction in this State.

Section two hundred and sixty of the Practice Act provides, that, "a mortgage of real property shall not be deemed a conveyance, whatever its terms, so as to enable the owner of the mortgage to recover possession of the real property without foreclosure and sale." If the rule contended for by the respondent prevailed, this provision of the statute would be nugatory, for the reason that when the mortgage is in its terms an absolute conveyance, the mortgagor would be prohibited from showing the real character of the transaction. The position contended for by the respondent would resolve the question into one of pleading, rather than a question as to the competency of evidence. But there is no equitable title to be set up. The plaintiff, if he has any title at all, has a legal title. A mortgage under our system, as between the parties, does not pass the legal title to the grantee. The title

remains in the mortgagor until it is divested by a foreclosure and sale, whatever the terms of the mortgage may be.

There was error in excluding the testimony, and as we cannot know but that the Court might have come to a different conclusion and decision, had the testimony been admitted, there must be a new trial.

The order denying a new trial is reversed, and a new trial ordered.