[No. 6,437.—Department Two.]

## J. W. JONES *v.* S. K. SPEARS.

QUASHING EXECUTION—MOTION FOR NEW TRIAL.—The fact that the statement on motion for new trial has not been settled, constitutes no ground for quashing the execution. So *held*, in a case where the delay in the settlement was occasioned by plaintiff's attorney.

ID.—ATTORNEY.—The issuing of an execution on the judgment is not such an act as requires the direct agency of the attorney in the case; but may be ordered by the plaintiff himself.

APPEAL from an order quashing an execution in the Thirteenth District Court, County of Merced. CAMPBELL, J.

*Charles B. Fitzpatrick*, for Appellant.

*Terry & McKinne*, and *P. D. Wigginton*, and *R. H. Ward*, for Respondent.

MORRISON, C. J.:

On the 4th day of December, 1874, the plaintiff recovered a judgment against the defendant for the sum of $4,100 and costs. The attorneys of record were D. M. McKenny and W. S. Montgomery. On the 30th of October, 1878, the following paper was filed in the case:

" Title of Court and cause.

" I hereby appoint and substitute Charles B. Fitzpatrick, attorney at law in the above-entitled action, in place and stead of all other attorneys therein° by me heretofore employed; and hereby constitute him my attorney of record, to do all things permitted an attorney at law for me, and in my stead, toward recovering the amount of the judgment in the above-entitled action.                    JOHN W. JONES.

" Plaintiff, and judgment creditor."

On the 30th day of October, 1878, an execution was issued on the judgment, but by whose order or at whose instigation does not appear in the transcript. On the 11th day of November, 1878, a notice to quash the execution was addressed to and served upon " Charles B. Fitzpatrick, plaintiff's attorney." The notice states that " said motion will be based upon the following grounds, to wit:

"A motion for new trial is now pending in said cause, and by agreement of counsel of record for the said plaintiff, and counsel for the said defendant, it is stipulated that the plaintiff shall have all the time he desires to propose amendments to and settle the statement of the case on said motion for new trial; that no amendments have been proposed by the said plaintiff, and the settlement of said statement has not been made; and that the delay in proposing said amendments, and making the settlement of said statement, has been caused by the action of the plaintiff's said attorney of record."

On the 20th day of November, 1878, the following order was made in the cause by the Court:

"The defendant moves the Court to quash execution heretofore issued in this case, on the ground that no regular substitution of attorney for plaintiff has been made according to law. The Court, after hearing the argument of counsel, ordered that the motion be sustained, to which plaintiff excepted. Now, on motion of plaintiff, it is ordered that a stay of all proceedings is granted for ten days, and that the sheriffs of Merced and Fresno counties are ordered to release the property which they hold under said execution."

From the foregoing order the appeal in this case is taken.

It will be observed that the defendant's motion to quash the execution was directed to and was served upon "Charles B. Fitzpatrick, attorney for plaintiff," and that upon the hearing of the motion to quash, Charles B. Fitzpatrick appeared for and represented the plaintiff. It will also be remarked that the ground of defendant's motion, as stated in his notice of motion, was, that the statement on motion for new trial had not been settled. The fact that the statement on motion for new trial had not been settled constituted no ground for quashing the execution, as the motion for a new trial did not, under the provisions of the Code of Civil Procedure, operate a stay of proceedings in the case.

It was upon an entirely different ground, however, that the motion was granted. Possibly it occurred to the learned counsel that his motion to quash could not be sustained on the ground stated in his notice of motion; and, therefore, on the hearing he abandoned his original ground of motion, and sub-

stituted another, not mentioned in his written notice. But in our opinion the ground upon which the Court sustained the motion was no better than the ground first taken and subsequently abandoned.

It is unnecessary for us to determine whether the right of Fitzpatrick to represent the plaintiff could be questioned after he had been recognized as the duly authorized and appointed attorney of the plaintiff, because there is nothing in the record which authorized the Court to quash the execution. The issuing of an execution on the judgment was not such an act as required the direct agency of the attorney in the case. The plaintiff had a right to order the Clerk to issue an execution on the judgment, and there is nothing in the transcript to show that he did not give such an order in this case. There was no conflict between the attorneys of record and the plaintiff, and nothing to show that the execution was not issued with their consent and approbation.

In our opinion no facts were presented on the hearing of the motion which justified the action of the Court below in quashing the execution.

There is nothing in the case of the *Board of Commissioners* v. *Younger*, 29 Cal. 147, or in the case of *Prescott* v. *Salthouse*, 53 id. 221, in conflict with these views.

Order reversed.

SHARPSTEIN, J., and MYRICK, J., concurred.