[L. A. No. 591. Department Two.—December 22, 1899.]

## OLIVE A. BYRNE, Appellant, v. JOSEPHUS HUDSON, Respondent.

Mortgage by Deed Absolute—Title of Mortgagor.—In this state a deed absolute in form, but intended as a mortgage, is a mortgage, and conveys no title to the grantee named in the instrument.

Id.—Action to Declare Deed a Mortgage—Power of Court—Strict Foreclosure—Erroneous Judgment.—In an action to have it adjudged that a deed from plaintiff's grantor to the defendant is a mortgage, the court, after having found that it is a mortgage, has no power under our system to make a strict foreclosure thereof in the action, and to bar and destroy plaintiff's equity of redemption and other right to the property at the end of twenty days after written notice of the judgment, if the mortgage should not then be paid. Such a judgment is erroneous, though, perhaps, not void, if not appealed from.

Id.—Written Notice of Judgment—Forfeiture of Rights.—The provision in the judgment for a forfeiture of the plaintiff's rights within twenty days after written notice of the entry of the judgment, if no redemption should be made within that period, must be construed as requiring a separate written notice expressly intended for the purpose of starting the period of time mentioned in the judgment.

Id.—Incidental Recital in New Trial Notice—Knowledge of Judgment.—A mere incidental recital of the rendering of the judgment in a notice of motion for a new trial is not a sufficient compliance with the terms of the judgment respecting written notice; nor is the actual knowledge by plaintiff of the rendition of the judgment material upon the question of such compliance.

Id.—Final Judgment Barring Plaintiff's Rights—Appeal.—A subsequent judgment assuming to bar the plaintiff from all equity of redemption or other right to the mortgaged premises, and dismissing the action for noncompliance with the terms of the judgment as to the time for redemption, is a final judgment as respects the rights of the plaintiff, and is appealable by the plaintiff as such.

APPEAL from a judgment of the Superior Court of Riverside County.   J. S. Noyes, Judge.

The facts are stated in the opinion of the court.

J. W. Stephenson, and Charles R. Gray, for Appellant.

G. A. Skinner, and A. A. Adair, for Respondent.

McFARLAND, J.—The transcript in this case is disjointed and confused; but, as supplemented by a certificate of the clerk of the lower court filed here at the date of the oral argument, it is discoverable therefrom that this is an appeal by plaintiff from an order or judgment, rendered August 26, 1897, and entered in the judgment-book October 6, 1897, ordering and adjudging that plaintiff is barred from all equity of redemption, "or other right," to certain mortgaged premises described in the complaint, and dismissing the action.   The parties to the action have produced complications by omissions to assert rights at the proper time and in the proper way, and by acts of such uncertain character as to create embarrassments which ordinary carefulness would have entirely avoided.

It is averred in the complaint, substantially, that plaintiff is the owner of certain described real property, and that defendant has a deed from plaintiff's predecessor in interest which on its face purports to absolutely convey said real property to the defendant, but that said deed was intended as a mortgage to secure a loan of three hundred dollars, with interest; that she tendered said amount to the defendant and demanded a deed from him, and that defendant refused to accept this money, and claims that he owns absolute title to the premises. The prayer is that the conveyance to defendant "be adjudged to be a mortgage," and that defendant be decreed to execute a conveyance to plaintiff of the property, and that upon his failure to do so the court appoint a commissioner to make such conveyance.   The court found the facts to be as alleged by plaintiff.   By the judgment it was decreed that upon the payment by plaintiff to defendant of the sum of three hundred and six dollars—the amount found to be due on the mortgage —the defendant execute a deed conveying the premises to the plaintiff, and upon his failure to do so that the clerk be ap-

pointed a commissioner for that purpose. The judgment then
proceeded as follows: "And if the plaintiff fails to pay to the said
defendant the said sum of three hundred and six dollars, with-
out interest, within twenty days after written notice of the
entry of the judgment, that then she be barred from all equity
of redemption, or other right to said property." The part of
the judgment last quoted was unwarranted. It is definitely set-
tled in this state that a deed absolute in form but intended
as a mortgage is a mortgage, and conveys no title to the grantee
named in the instrument. It has been declared that sec-
tions 2924 and 2925 of the Civil Code were intended to abro-
gate the rule stated in *Hughes v. Davis,* 40 Cal. 117, and to
restore the rule declared in *Cunningham v. Hawkins,* 27 Cal.
603, and *Jackson v. Lodge,* 36 Cal. 28. (See *Brandt v. Thomp-
son,* 91 Cal. 461; *Taylor v. McLain,* 64 Cal. 513; *Healy v.
O'Brien,* 66 Cal. 519; *Raynor v. Drew,* 72 Cal. 307.) The rule
is stated in *Cunningham v. Hawkins, supra,* as follows: "A
mortgage under our system, as between the parties, does not
pass the legal title to the grantee. The title remains in the
mortgagor until it is divested by foreclosure and sale, whatever
the terms of the mortgage may be." In the case at bar, the
court, having found that the instrument in question was a mort-
gage and that the parties occupied the relation toward each
other of mortgagor and mortgagee, had no power to bar and
destroy the plaintiff's title to the property at the end of twenty
days—as we have under our system no such thing as a strict
foreclosure. The court, having declared the instrument to be
a mortgage, then seemed to proceed upon the theory that the
relation of the parties was that of vendor and vendee under a
contract of purchase, and that plaintiff's rights should be ended
unless she paid the purchase money within a certain reasonable
time. And the case is not one where the plaintiff was seek-
ing to recover possession of the mortgaged premises, which, of
course, could not be done without payment or tender of the
amount due by the mortgagor. It seems unavoidable to notice
this erroneous feature of the judgment; although, as plaintiff
has not appealed from that part of the judgment, she is, per-
haps, not in the position now to take advantage of the error.

Treating the judgment, as the parties treat it, as a proper

and valid judgment, the only two points presented are: 1. Is respondent's contention that appellant did not pay the money within twenty days after written notice maintainable? and 2. Was appellant's appeal from the order of judgment appealed from taken in time?

The judgment provided that the plaintiff should pay the money within twenty days "after written notice" of the entry of the judgment. It is not contended by respondent that he gave plaintiff any formal written notice of the judgment; but on June 28, 1897, he served on appellant's attorney a notice of a motion for a new trial in which the rendering of the judgment was noticed by way of recital. And the money was not paid within twenty days after that time. There is no question here of the sufficiency of a statutory notice, nor was the mere actual knowledge of appellant of the rendition of the judgment material. The question arose out of the express terms of the judgment, which required "written notice of the entry of this judgment." We think, therefore, that as appellant's right in the premises depended upon the commencement of the running of a certain period of time mentioned in the judgment, and as her title was to be forfeited unless a certain act was done within that period of time, she was entitled to a notice expressly intended for the purpose of starting the period of time mentioned in the judgment, and that a mere incidental recital in a notice of a motion for a new trial, given for an entirely different purpose, was not a sufficient compliance with the terms of the judgment.

We also think that the order of October 6th, entered on that day in the judgment-book, by which it was "ordered and adjudged that the plaintiff's action be and the same is hereby dismissed, and that plaintiff be and she hereby is barred from all equity of redemption or other right to the property set forth and described in said judgment," was and is as against appellant a final judgment, and that she had six months from its date in which to appeal therefrom. The motion to dismiss the appeal is denied.

The said judgment entered on the sixth day of October, 1897, is reversed and the cause remanded.

Temple, J., and Henshaw, J., concurred.