[Civ. No. 912.    Third Appellate District.—November 13, 1911.]

JOHN KOKOLE, Petitioner, v. THE SUPERIOR COURT OF THE STATE OF CALIFORNIA, IN AND FOR THE COUNTY OF TEHAMA, and Honorable J. E. PREWETT, Sitting as Judge of Said Court, Respondents.

WRIT OF REVIEW—ANNULMENT OF WRIT OF POSSESSION AND OTHER PROCEEDINGS — UNTENABLE GROUND — LOSS OF RIGHTS—INEXCUSABLE NEGLECT.—A writ of review will not lie to annul a writ of possession and other proceedings, where the petitioner had notice of the judgment under which the writ was issued, and such writ was a ministerial act of the clerk not stayed by appeal from the judgment, but there was only a motion for a new trial pending which could not stay the writ, nor could any other proceedings be annulled where all rights thereunder were lost by the inexcusable neglect of the petitioner.

ID.—JURISDICTION OF COURT TO DISMISS PROCEEDINGS FOR NEW TRIAL.— LOSS OF RIGHTS OF APPEAL.—The court had jurisdiction to dismiss the proceedings on motion for a new trial for inexcusable neglect in failing to present the statement for settlement, where all rights thereunder were lost by failure to appeal therefrom, and where all further right of appeal from the judgment was lost, since more than one year had elapsed after the entry of the judgment before the application for the writ of review was made. Upon these facts this court is powerless to grant the petitioner any relief whatever, much less the writ of review prayed for.

ID.—OFFICE OF WRIT OF REVIEW.—A writ of review will lie only where an inferior tribunal, board or officer, exercising judicial functions, has exceeded the jurisdiction of such board or officer, and there is no appeal, nor, in the judgment of the court, any plain, speedy and adequate remedy.

ID.—ORDER AFTER JUDGMENT—RIGHT OF APPEAL.—The order granting the motion to dismiss the proceedings on motion for a new trial is a special order after judgment from which an appeal may be taken, and it is therefore manifestly true that petitioner had a plain, speedy and adequate remedy by appeal from such order which he could have taken within sixty days after the same was entered.

PETITION for writ of review to annul proceedings in the Superior Court of Tehama County.    J. E. Prewett, Judge presiding.

The facts are stated in the opinion of the court.

John Kokole, Petitioner, in *pro. per.*

McCoy & Gans, for Respondents.

HART, J.—This is a petition for a writ of review. It appears from the petition that petitioner instituted an action. on December 12, 1909, in the respondent, superior court, against M. R. Hook, the town of Red Bluff, a municipal corporation, and the members of the board of trustees of said town, for the purpose of securing a decree reforming a certain deed, by which certain land was conveyed by said petitioner to said Hook, so that said deed would conform to the intention of the parties with respect to the description of the property so conveyed.

After issue joined and several continuances of the trial of the cause, the action came to trial on the sixteenth day of June, 1910, before the respondent, Honorable J. E. Prewett, judge of the superior court in and for the county of Placer, who had been requested by the judge of the respondent court to sit in the trial of said cause. The cause having been tried, findings of fact, conclusions of law and judgment against petitioner and in favor of the defendants were filed, entered and docketed.

Thereupon the following proceedings were had: July 12, 1910, notice of motion for a new trial was filed by the petitioner here—plaintiff in said action; July 14, 1910, cost bill and notice of judgment were filed; August 9, 1910, stipulation filed extending time to prepare statement on motion for a new trial to September 11, 1910; October 21, 1910, plaintiff was granted thirty days, in addition to the time allowed by law, in which to serve statement on motion for a new trial; November 29, 1910, statement on motion for a new trial filed; December 5, 1910, proposed amendments to statement filed; June 20, 1911, motion to dismiss proceedings in the matter of the settlement of the statement on motion for a new trial for want of due diligence in presenting the same for settlement; June 23, 1911, motion to dismiss proceedings *in re* statement on motion for a new trial was argued, sub-

mitted and taken under advisement, and on July 8, 1911, the court filed its written opinion granting said motion.

On August 1, 1911, a writ of possession was issued on the judgment and the petitioner was, by virtue thereof, dispossessed of the disputed property.

The petition alleges that petitioner was given no notice of the judgment in said action, "and was unable to prepare an appeal in said cause"; that, therefore, "the court was without jurisdiction to issue a writ of possession," etc.

The prayer of the petition asks that a review be had by this court of the proceedings leading to the issuance of the writ of possession, and that said writ and "all proceedings herein be annulled" and set aside as in excess of the jurisdiction of the court.

It is plainly manifest that, under the circumstances as revealed by the record before us, an appeal court would be powerless to now afford petitioner relief in any event, much less that asked for in this proceeding.

According to the petition, the judgment, as we have seen, was entered on July 12, 1910. On the same day, according to the records of the cause (the documents and papers filed therein having been introduced and received in evidence in this proceeding), notice of entry of said judgment was served on the petitioner, the sheriff having made a return of such service on said day with the petitioner's acknowledgment of service over his signature indorsed on said notice. On said July 12, 1910, the petitioner served and filed a notice of intention to move for a new trial. On the twenty-ninth day of November, 1910, the petitioner, as seen, served and filed his proposed statement. On December 5, 1910, the defendants in said cause served and filed proposed amendments to said statement. No further steps of any character seem to have been taken in the cause until the twentieth day of June, 1911 —fifteen days beyond six months after the proposed amendments to the statement were served on petitioner and filed— when the defendants served upon the petitioner a notice of a motion to dismiss the notice of motion for a new trial or the proceedings looking to a settlement of the statement on motion for a new trial on the ground of the "inexcusable neglect and failure of plaintiff to engross, present for settlement, have

settled and otherwise proceed in the matter of his appeal.''
Said motion was noticed for the twenty-third day of June,
1911. As seen, the court, after hearing argument on said
motion, granted the same.

On said twenty-third day of June, 1911, the petitioner filed
a document, evidently prepared by himself, designated a
''Notice of Appeal for Transfer from Tehama County to Sac-
ramento, California.'' This document contains a statement
that the plaintiff (petitioner) ''appears and asks the Superior
Court of the County of Tehama, state of California, to trans-
fer'' the action to Sacramento county. It is probable that
the petitioner thus sought to notice an appeal to this court
from the final judgment, but it is obvious that, even if the
notice had been sufficient in form, he was entirely too late for
such an appeal, the judgment having been, as we have shown,
entered on July 12, 1910—nearly a year before the filing of
said notice. (Code Civ. Proc., sec. 939.)

From the foregoing statement, involving a brief history of
the cause giving rise to this petition, it will readily be ob-
served that petitioner wholly fails to present a case here
which calls for or would justify the interposition of the
extraordinary remedy which he seeks to invoke.

That petitioner was guilty of inexcusable negligence in the
matter of preparing the necessary record upon which to press
his motion for a new trial, no one who knows anything about
such matters will have the temerity to deny. (Code Civ.
Proc., sec. 659, subd. 3.) That it was within the jurisdiction
of the court to entertain and decide the motion to dismiss
the proceedings on the settlement of the statement, is equally
clear and incontrovertible.

A writ of review will lie only where ''an inferior tribunal,
board or officer, exercising judicial functions has exceeded the
jurisdiction of such tribunal, board or officer, and there is no
appeal, nor in the judgment of the court, any plain, speedy
and adequate remedy.''

The order granting the motion to dismiss the proceedings
referred to is a special order made after final judgment and
from which an appeal may be taken. (Code Civ. Proc., sec.
939, subd. 3.) It is, therefore, manifestly true that petitioner
had a plain, speedy and adequate remedy by appeal from said

order, which he could have taken within sixty days after the same was entered.

The issuance of the writ of possession—in other words, the writ in execution of the judgment—was not the act of the court, but a mere ministerial act of the clerk of the court, whose duty it was to issue the writ upon the application of the defendants, the pendency of a motion for a new trial not operating to stay proceedings upon the judgment. (*People ex rel. Carpentier* v. *Loucks,* 28 Cal. 69; *Harris* v. *Barnhart,* 97 Cal. 546, [32 Pac. 589]; *Knowles* v. *Thompson,* 133 Cal. 245, [65 Pac. 468].)

Even if we were authorized by the record to order the proceedings on the judgment to be set aside—that is, to annul the act of the clerk of the court in issuing the writ of assistance—such an order could avail petitioner nothing, since he has lost his right to appeal from the judgment by neglecting to take such appeal within the time within which such appeals may be taken under the statute.

In justice to ourselves it is but right to explain that the petitioner appeared in the application for the order to show cause herein *in propria persona,* and that his want of proficiency in the use of the English language made it doubtful to the members of the court, in the brief time to which we were limited in the examination of his petition, whether the alternative writ should issue or not. For that reason we ordered the record, the review of which was prayed for, certified to this court.

We may well further explain that the petitioner came into this court to present his side of the controversy without the aid of counsel. It seems that he thus conducted the litigation in the court below. Indeed, it appears from the record before us that the learned trial judge repeatedly advised and besought him to secure counsel and on one occasion ordered an adjournment of the trial or some proceeding incidentally growing out of the trial that he might do so. But, it seems, he paid no heed to the advice of the trial judge in that regard.

The petitioner is a man advanced in years and is unable to speak our language so that he can be readily or well understood. Indeed, he was, at the hearing of this proceeding, unable to make himself understood by the justices, so imper-

fectly does he speak the English language. He does not pretend, however, to be versed in the law, and even had he been able to make himself understood, it is very clear that he could have afforded no assistance to the court in the decision of the question submitted by his petition, assuming that the question so presented was one upon which there existed ground for legitimate controversy. These observations proceed from a conviction, based upon what we have seen of the petitioner, that he labors under the mistaken belief that there is merit in his asseverations that he has not been fairly treated in this litigation and that he is just as capable of disclosing the errors, if any, upon which he bases his complaint and securing their correction as a lawyer would be. There can be no doubt that the petitioner honestly believes that he has not been justly treated in the decision by which the proceedings on the settlement of his proposed statement on motion for a new trial were dismissed and he, therefore, deprived of the opportunity to appeal from the order denying him a new trial, had such order, if the motion had been made, been entered against him. But such belief is, it is very plain from the record here, founded in and harbored by erroneous notions of the law, for there is absolutely no real or just ground for its support. But he would, indeed, be bereft of all feeling who would not sympathize in full measure with a litigant so unfortunate as to have permitted himself—not a lawyer or at all familiar with the procedure by which the law must be uniformly administered—to become possessed of the belief that he could with any hope of success personally represent himself in important litigation and that he could, unaided by one skilled in the technical and abstruse rules governing remedies and procedure, a clear comprehension of which often puzzles lawyers of no mean ability, preserve and protect all his rights in the action. The appearance of the venerable petitioner in this court, silently appealing for relief from what he has allowed himself to conceive to be an unjust judgment, was pathetic in the extreme, yet, even if his belief were well founded as to said judgment, this court is powerless to afford him any relief or aid to that end in this proceeding. Indeed, by his own negligence, according to the record here, he has lost all ground for hope of relief, if any he was entitled to,

and we can see no other alternative for him but to submit to the mandates of the judgment.

The demurrer to the petition must be sustained and the writ discharged.

It is so ordered.

Chipman, P. J., and Burnett, J., concurred.