[Civ. No. 2718. Second Appellate District.—July 5, 1918.]

REX B. CLARK et al., Petitioners, v. SUPERIOR COURT OF THE COUNTY OF LOS ANGELES et al., Respondents.

ATTACHMENT—DISSOLUTION BY NONSUIT—DUTY OF SHERIFF.—An attachment is *ipso facto* dissolved where an order of nonsuit is granted and entered in the minutes of the court and no appeal perfected therefrom within the statutory time, and it is the duty of the sheriff to release the attachment of record.

ID.—SETTING ASIDE OF ORDER OF NONSUIT—ATTACHMENT LIEN NOT REVIVED.—An order setting aside an order granting a nonsuit cannot, in the absence of statutory provision therefor, revive the lien of an attachment which had been dissolved by the order of nonsuit.

APPLICATION for a Writ of Mandate originally made to the District Court of Appeal for the Second Appellate District to compel a sheriff to release a writ of attachment.

The facts are stated in the opinion of the court.

Perry F. Backus, and Herbert W. Kidd, for Petitioners.

Arthur C. Vaughan, J. M. Love, and Charles R. McCarty, for Respondents.

SHAW, J.—This is an original proceeding wherein an alternative writ of mandate was issued out of this court, directed to James C. Byers, as sheriff of San Diego County, requiring him to release of record a writ of attachment levied upon certain real estate in said county, or show cause why he should not do so.

It appears that in a certain action wherein Marvin Lathrop was plaintiff and petitioners, Frank C. and Jennie L. Woodford, were defendants, a writ of attachment was issued and by the sheriff of San Diego County levied upon the real estate in question; that thereafter in a trial of said action, had on December 7, 1917, defendants, under subdivision 5 of section 581 of the Code of Civil Procedure, moved the court for a nonsuit, in response to which motion the court made the following order: "Cause called, J. M. Love, Esq., appearing as attorney for the plaintiff and Perry F. Backus, Esq., appearing as attorney for defendants. Cause argued by counsel; motion of attorney for defendants for a nonsuit granted." This order was entered upon the minutes of the court and on the same day the clerk of the court made a note thereof in his register of actions, all as provided in section 581 *supra*. Whether these entries were made on December 7th, as claimed by petitioners, or on December 15th, as claimed by respondents, is immaterial, since, as shown, no appeal was at any time taken from the order.

The claim of petitioners is that the effect of the granting of the nonsuit was to dissolve the attachment, and in this contention we think they are correct. "An attachment is a creature of statute and its existence and operation in any case can continue no longer than the statute provides it may." (*Loveland* v. *Alvord Min. Co.*, 76 Cal. 562, [18 Pac. 682]; *Hamilton* v. *Bell*, 123 Cal. 93, [55 Pac. 758].) Section 553 of the Code of Civil Procedure provides that if defendant recovers judgment against the plaintiff and no appeal is perfected and undertaking executed as provided in section 946 of the Code of Civil Procedure, the order of attachment shall be discharged and the property released therefrom. As

stated, no appeal was at any time perfected from the order granting the nonsuit. That this order constituted a judgment in favor of defendants from which an appeal might have been prosecuted admits of no doubt. As declared by the statute, such orders, when entered in the minutes and by the clerk noted in his register of actions, are effective for all purposes. (*Brown* v. *Sterling Fixture Co.*, 175 Cal. 563, [166 Pac. 322]; *Hamilton* v. *Bell, supra.*) The effect of the entry of the order and notation thereof made by the clerk, in the absence of an appeal therefrom within five days as provided in sections 553 and 946 of the Code of Civil Procedure, was to *ipso facto* dissolve the attachment; and thereupon it was, as declared in subdivision 7 of section 4157 of the Political Code, the duty of the sheriff of San Diego County to release the same of record. It is true the court on December 29th made an order granting plaintiff's motion to set aside and annul the order of nonsuit. But such order could not, in the absence of statutory provision therefor, revive the lien of the attachment which had theretofore been dissolved by the judgment in favor of defendants, and which, in so far as concerned the attachment, had become final.

It is ordered that the alternative writ of mandate heretofore issued to James C. Byers, as sheriff of San Diego County, be and the same is made peremptory.

Conrey, P. J., and James, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on July 27, 1918, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on September 3, 1918.