[Civ. No. 16736. Second Dist., Div. Three. July 18, 1949.]

EVERLY M. DAVIS, SR., Appellant, v. FIDELITY AND
DEPOSIT COMPANY OF MARYLAND (a Corpora-
tion), Respondent.

Sims & Wallbert for Appellant.

Crider, Runkle & Tilson for Respondent.

WOOD, J.—Defendant's demurrer to the complaint, upon
the ground that the two causes of action therein were barred
by the statute of limitations, was sustained and plaintiff
was given 10 days within which to amend. Plaintiff failed
to amend the complaint within said time, and upon motion
of defendant a judgment of dismissal was entered. Plaintiff
appeals from the judgment.

It was alleged in the first cause of action that on January 8,
1936, one Williams commenced an action against the plaintiff
herein (Davis), being action No. 397192 in the Superior Court
of Los Angeles County; on February 27, 1936, the defendant
herein (Fidelity and Deposit Company) executed and filed
in said action No. 397192 an undertaking on attachment
whereby it promised that if defendant (Davis) recovered
judgment in said action the plaintiff (Williams) would pay
all damages that the defendant (Davis) might sustain by rea-

son of the attachment; a copy of said undertaking is attached to the complaint herein; on February 28, 1936, "an attachment" was issued by said court; on said day the Sheriff of Los Angeles County, by virtue of said writ of attachment and pursuant to direction of said Williams, "levied upon certain personal property belonging to this plaintiff" consisting of $22,493.96 on deposit in a bank; on January 24, 1938, judgment in said action was rendered in favor of the defendant therein (plaintiff herein), and said judgment was entered on said day; thereafter the plaintiff therein filed a notice of appeal from said judgment; the appeal therein was pending thereafter until May 2, 1947, when the appeal was dismissed on stipulation of the parties and the remittitur was filed in said superior court; said sum of money was held under said writ of attachment from February 28, 1936, to February 1, 1938, and on said last mentioned day said sum was released to the defendant therein (plaintiff herein); by reason of said attachment this plaintiff (Davis) sustained damages in the sum of $3,017.94, being interest on said sum at 7 per cent per annum during the time it was held under said writ; and that no part of said damage has been paid.

It was alleged in the second cause of action that on January 8, 1936, the defendant herein (Fidelity and Deposit Company) executed and filed in the superior court in action No. 397192 an (other) undertaking on attachment whereby it promised that if defendant recovered judgment in said action the plaintiff therein (Williams) would pay all damages that the defendant therein (plaintiff Davis herein) might sustain by reason of the attachment; a copy of said undertaking is attached to the complaint herein; on January 8, 1936, a writ of attachment was issued by said court; on said day the Sheriff of the City and County of San Francisco, by virtue of said writ of attachment and pursuant to direction of said Williams, "levied upon certain personal property belonging to this plaintiff" consisting of $4,370.52 due from an insurance company to this plaintiff (Davis) under a claim based upon a fire insurance policy; said sum of money was held under said writ of attachment from February 5, 1936, to March 23, 1938, and on said last mentioned day it was released and paid to this plaintiff; by reason of said attachment plaintiff herein sustained damages in the sum of $652.66, being interest on said sum at 7 per cent per annum during the time it was held under said writ; and that no part of said damages has been paid.

Respondent herein asserts that this appellant's causes of action for unlawful attachments accrued when the appeal was taken and no undertaking to continue the attachment was filed as required by section 553 of the Code of Civil Procedure. That section provides: "If the defendant recovers judgment against the plaintiff, and no appeal is perfected and undertaking executed and filed as provided in section 946 of this code, any undertaking received in the action, all the . . . money collected by the sheriff . . . and all the property attached remaining in such officer's hands, must be delivered to the defendant . . . the order of attachment be discharged, and the property released therefrom." Said section 946, therein, provides in part: "An appeal does not continue in force an attachment, unless an undertaking be executed and filed on the part of the appellant . . . in double the amount of the debt claimed by him, that the appellant will pay all costs and damages which the respondent may sustain by reason of the attachment, in case the order of the court below be sustained . . .." Respondent asserts further that if an unsuccessful attachment plaintiff appeals *and* files his undertaking to continue the attachment in effect pending the appeal, then his attachment continues pending the appeal and until judgment in the action becomes final, and that, under those circumstances, a defendant's cause of action for unlawful attachment, if any, does not accrue until the judgment becomes final.

In other words, respondent herein asserts that if an unsuccessful plaintiff who has attached property appeals and does not file an additional undertaking on attachment, the statute of limitations as to a defendant's cause of action for unlawful attachment begins to run immediately when the appeal is taken and when no additional undertaking is filed, even though the judgment is not final.

The complaint does not show when the appeal in the former action was taken. It is alleged in the complaint that the judgment in that action was entered on January 24, 1938, and "thereafter" an appeal was taken. It will be assumed, however, in view of the long period of time from the entry of that judgment to the commencement of this action on December 1, 1947, and in view of the requirement that an appeal must be taken within a certain period of time, that the appeal was taken more than four years (the statute of limitations period) prior to the commencement of this action.

Appellant herein asserts that a cause of action for damages for unlawful attachment does not accrue until the judgment in favor of defendant in the former action (the attachment action) has become final. The judgment in the former action, referred to herein, became final on May 12, 1947, and the action herein was commenced about six and one-half months thereafter.

Section 539 of the Code of Civil Procedure provides as follows: "Before issuing the writ [of attachment] the clerk . . . must require a written undertaking on the part of the plaintiff . . . to the effect that if the defendant recovers judgment, the plaintiff will pay . . . all damages which he may sustain by reason of the attachment . . .." The word "judgment" is defined in section 577, Code of Civil Procedure, as follows: "A judgment is the final determination of the rights of the parties in an action or proceeding." Section 1049, Code of Civil Procedure, provides: "An action is deemed to be pending from the time of its commencement until its final determination upon appeal, or until the time for appeal has passed, unless the judgment is sooner satisfied." A judgment by a trial court from which an appeal has been perfected is not a final determination of the action. Such a judgment may be affirmed, reversed or modified on appeal (Code Civ. Proc., § 53.) In *Morneault* v. *National Surety Co.*, 37 Cal.App. 285 [174 P. 81], the plaintiff had recovered judgment upon an undertaking, given by defendant, in an action in which plaintiff's property had been attached. In the attachment action involved therein the defendant (plaintiff in the cited case) had recovered judgment for costs against the attachment plaintiff and, before the time had expired within which an appeal might be taken, said plaintiff had voluntarily satisfied the judgment. On appeal, in the case just cited, the surety company (appellant) contended that the action on the attachment undertaking could not be maintained because the time allowed within which an appeal might be taken had not expired when the action on the attachment undertaking was filed. The court therein said at page 286: "We do not think that after voluntarily satisfying the judgment the plaintiff in the attachment suit could have maintained an appeal from that judgment. If he could not, then the judgment was final upon satisfaction being entered." It was held therein that the action upon the undertaking could be maintained, it appearing that the judgment in the attachment action had become final. The contention of respondent in the present case

is not sustained.  The statute of limitations did not commence to run against plaintiff's causes of action herein until the judgment, which had been recovered by the defendant in the attachment action, had become final.

The judgment is reversed.

Shinn, P. J., and Vallée, J., concurred.