264 P.2d 921]

[S. F. No. 18871.   In Bank.   Dec. 31, 1953.]

HENRY K. HENDERSON, Respondent, v. LILY ZELLER-BACH DRAKE, Appellant.

Erskine, Erskine & Tulley and J. Oscar Goldstein for Appellant.

H. W. Glensor for Respondent.

SCHAUER, J.—Defendant appeals from an order denying her motion to dissolve an attachment. The only ground of the motion was "that judgment had been rendered in favor of the defendant and no notice of appeal or undertaking on appeal had been filed within five days from and after the entry of said judgment." The sole question for decision is the correctness of the order denying such motion. We have concluded that under sections 553 and 946 of the Code of Civil Procedure, upon which the motion was based, the trial court was required to deny it.

In this action against defendant plaintiff attached certain shares of corporate stock owned by defendant. Thereafter, on November 26, 1951, judgment for defendant was entered in that action. No formal written notice of entry of judgment was given to plaintiff. No appeal was taken but on December 4, 1951, plaintiff served and filed notice of intention to move for a new trial. On January 3, 1952, defendant served and filed notice of motion to dissolve the attachment. On January 28, 1952, plaintiff's motion for a new trial was granted. On February 6, 1952, defendant's motion to dissolve the attachment was denied; on this date neither the time for an appeal by defendant from the order granting the new trial nor, in the event defendant took such appeal, for a cross-appeal by plaintiff from the judgment, had expired.

Section 553 of the Code of Civil Procedure provides in material part, "If the defendant recovers judgment against the plaintiff, and no appeal is perfected and undertaking executed and filed as provided in section 946 of this code, . . . all the property attached . . . must be delivered to the defendant or his agent, the order of attachment be discharged, and the property released therefrom." Section 946 provides in material part, "An appeal does not continue in force an attachment, unless an undertaking be executed and filed on the part of the appellant . . . and unless, within five days

4

after written notice of the entry of the order appealed from, such appeal be perfected.''

■ Under the wording of those sections it is clear that an attachment may be preserved by taking an appeal and that an attachment remains effective after rendition of judgment for defendant until there is no longer a right to appeal, unless written notice of entry of judgment is given, in which event the appeal must be perfected within five days after such notice or the attachment becomes subject to discharge.

■ Section 553 states that if defendant recovers judgment *and* no appeal is taken and no undertaking filed, then the ''order of attachment [must] be discharged.'' This necessarily implies that if an appeal is perfected and an undertaking filed, then the attachment should not be discharged.

■ Similarly, section 946 states that an appeal does not ''continue in force an attachment, unless an undertaking'' is filed and, ''unless, within five days after written notice of the entry of the order appealed from,'' the appeal is perfected. This necessarily implies that the filing of the undertaking and the perfection of the appeal will keep the attachment alive. The only reference to time contained in the sections is the requirement of section 946 that the appeal be perfected ''within five days after written notice of the entry of the order appealed from.'' It is reasonable, therefore, to conclude that the attachment remains effective as long as an appeal may be taken unless written notice of entry of judgment is given, in which event the attachment perdures for only five days after such notice unless an appeal is perfected within that time. If sections 553 and 946 were not so construed, plaintiff would have to file his undertaking and perfect his appeal at the same time the judgment for defendant was entered, or the mere entry of judgment for defendant would discharge the attachment.

■ As is held in *Primm* v. *Superior Court* (1906), 3 Cal. App. 208, 211 [84 P. 786], an attachment is not ''finally and irrevocably dissolved the moment a judgment for defendant is entered. . . . A fair, reasonable, unstrained construction [of sections 553 and 946] leads to the conclusion that the dissolvent force of a judgment is neutralized by a perfected appeal, provided the additional undertaking is filed and the appeal perfected within the specified time. This construction gives harmonious effect to both sections and does not nullify any part of either.''· (See, also, *Morneault* v. *National Surety Co.* (1918), 37 Cal.App. 285, 286 [174 P. 81]; *Clark* v. *Su-*

*perior Court* (1918), 37 Cal.App. 732, 734 [174 P. 681];
*Albertsworth* v. *Glens Falls Indem. Co.* (1948), 84 Cal.App.
2d 816, 819 [192 P.2d 66]; *Davis* v. *Fidelity & Deposit Co.*
(1949), 93 Cal.App.2d 13, 16 [208 P.2d 414].)

The time to appeal had not expired when the notice
of motion to dissolve the attachment was filed on January 3,
1952, or when the trial court denied such motion on February 6, 1952. Plaintiff had 60 days from the entry of
judgment (i. e., from November 26, 1951) in which to file
notice of appeal (Rules on Appeal, rule 2(a)), and when
he served and filed his notice of intention to move for a new
trial the time for appeal was extended (Rules on Appeal,
rule 3(a)). When the trial court denied the motion to dissolve the attachment, plaintiff's motion for a new trial had
been granted. Regardless of the effect or lack of effect on
the attachment of the order granting a new trial, defendant
at the time of the denial of her motion to dissolve the attachment could have appealed from the order granting the new
trial and, had she done so, plaintiff could have appealed from
the judgment (Rules on Appeal, rule 3(a)). Therefore, on
February 6, 1952, there was still an opportunity for plaintiff
to perfect an appeal, file an undertaking, and in that manner
keep alive the attachment, and the trial court correctly
refused to order that the attachment be dissolved.

Since no written notice of entry of the judgment of November 26, 1951, was given, the five days referred to in section
946 did not run. Defendant urges that although she did not
give formal notice of entry of judgment and thus start the
running of the five-day period, there was substantial compliance with the requirement of section 946 that "written
notice" be given. She says that her notice of motion to
dissolve the attachment was, in effect, a notice of entry of
judgment, and that plaintiff's notice of motion for a new
trial constituted a waiver of written notice of entry of judgment. It is true that a statutory requirement of "written notice" of entry of judgment can be waived, and that in
some circumstances it has been held that the filing, by the
party entitled to such written notice, of a document disclosing his actual knowledge of the entry of judgment shows
waiver of the written notice. (*Prothero* v. *Superior Court*
(1925), 196 Cal. 439, 441, 444 [238 P. 357].) But
waiver is the *intentional* relinquishment of a known right.
(*Roesch* v. *De Mota* (1944), 24 Cal.2d 563, 572 [150 P.2d
422].) The fact that plaintiff here evidenced his actual

knowledge of the entry of judgment does not show that he intended to waive his right to receive written notice thereof for the purpose of starting the running of the five-day period within which he could save his attachment. (See *Hughes Mfg. etc. Co.* v. *Elliott* (1914), 167. Cal. 494, 496 [140 P. 17].)

And the fact that defendant incidentally indicated to plaintiff, by serving and filing her notice of motion to dissolve the attachment, that judgment had been entered is not sufficient compliance with the statutory requirement that written notice be given to start the running of the five-day period. (See *Byrne* v. *Hudson* (1899), 127 Cal. 254, 257 [59 P. 597].)

For the reasons above stated the order appealed from is affirmed.

Gibson, C. J., Shenk, J., Edmonds, J., and Spence, J., concurred.

CARTER, J.—I dissent.

By a skillful process of legal legerdemain the majority opinion attempts to bring to life an attachment which died a natural death on January 28, 1952, when plaintiff's motion for a new trial was granted by the trial court.

It is conceded by the majority that pursuant to sections 553 and 946 of the Code of Civil Procedure an attachment is dissolved when judgment is rendered in favor of the defendant unless he perfects an appeal and gives an undertaking within five days after receiving notice of entry of judgment, and that it is not kept alive by proceedings on motion for a new trial.

In the light of this concession let us examine the record:

(1) November 26, 1951. Judgment for defendant entered.

(2) December 4, 1951. Plaintiff served and filed notice of intention to move for a new trial on all statutory grounds.

(3) January 3, 1952. Defendant served and filed notice to dissolve attachment.

(4) January 28, 1952. Motion for new trial granted.

(5) February 6, 1952. Motion to dissolve attachment denied.

(6) The agreed statement on appeal states: ''No appeal has ever been taken by [defendant] Henry K. Henderson from said judgment. No undertaking on appeal was filed by Henry K. Henderson within five days after the entry of said judgment or at any other time.''

It is true that no *formal notice of entry of judgment* was

given by defendant, but both plaintiff's notice of intention to move for a new trial and defendant's notice of motion to dissolve the attachment refer to *"the judgment heretofore made and entered in the above entitled action."* It seems to me that it is stretching legalism to the breaking point to say, *in view of this record,* that plaintiff did not have adequate notice of entry of judgment. But conceding that he did not, and that his time to perfect an appeal from the judgment and give an undertaking did not expire until five days after such notice was given, or his time for appeal had expired, or had lost his right to appeal, there can be no question that the latter event occurred on January 28th, 1952, when his motion for a new trial was granted. This event terminated his right to appeal, as it is well settled that an appeal does not lie from an unconditional order or judgment in favor of the appellant and such an appeal must be dismissed (3 Cal. Jur.2d § 110, p. 566). The fact that plaintiff could have cross-appealed from the judgment if defendant had appealed from the order granting the new trial, is beside the question, as defendant did not appeal and the order granting plaintiff's motion for a new trial has become final. There can be no question that plaintiff's right to appeal from the judgment was lost when his motion for a new trial was granted. Conceding that plaintiff would have had a right to cross-appeal from the judgment if defendant had appealed from the order granting the new trial, since defendant did not appeal from said order, plaintiff's right to cross-appeal never came into existence.

The order denying defendant's motion to dissolve the attachment was entered February 6, 1952, nine days after the motion for a new trial was granted. At that time plaintiff had not and could not comply with the requirements of sections 553 and 946 of the Code of Civil Procedure, and the motion to dissolve the attachment should, therefore, have been granted.

Even accepting the unsound reasoning of the majority, that at the time defendant's motion to dissolve the attachment was denied, plaintiff's time to appeal had not expired, because he had the right to cross-appeal if defendant appealed from the order granting the new trial, and, therefore, the motion was properly denied, it will avail plaintiff nothing, as the attachment must now be dissolved because of plaintiff's non-compliance with the provisions of sections 553 and 946 of the Code of Civil Procedure.

The last cited code sections and decisions construing them make it clear that the pendency of a motion for a new trial or the granting of that motion does not operate to stay the extinguishment of an attachment, or that an attachment continues in force until the motion is determined. While the Legislature saw fit to provide for keeping the attachment alive in event of an appeal by plaintiff, and there appears to be no reason why they did not make a similar provision in case of a pending motion for a new trial, the fact remains that section 553, *supra*, requires without limitation (except in the case of appeal) that when defendant recovers judgment the attachment must be discharged. Nothing is said about a motion for new trial and I know of no other statute which makes the pendency of such a motion operate to keep the attachment alive. There is no provision for giving an undertaking to keep the attachment in force when a motion for a new trial is made as there is when an appeal is taken. The undertaking in the case of an appeal is to give protection to the defendant in addition to that afforded by the undertaking to obtain the attachment. (*Albertsworth* v. *Glens Falls Indem. Co.*, 84 Cal.App.2d 816 [192 P.2d 66].) The absence of a provision for such added protection pending the disposition of a motion for a new trial indicates that the pendency of such a motion does not keep the attachment alive. It has been held that a motion for a new trial does not in itself stay the *execution* of the judgment by the prevailing party. (*People* v. *Loucks*, 28 Cal. 68; *Jones* v. *Spears*, 56 Cal. 163; *Harris* v. *Barnhart*, 97 Cal. 546 [32 P. 589]; *Kokole* v. *Superior Court*, 17 Cal.App. 454 [120 P. 67]; *Knowles* v. *Thompson*, 133 Cal. 245, 247 [65 P. 468]; 121 A.L.R. 686.) Before it was amended in 1907 and 1909 (Stats. 1907, p. 708; 1909, p. 967), section 553 did not contain the provision for keeping the attachment alive by perfecting an appeal, and it was held that an appeal by plaintiff from the judgment and a reversal thereof did not stay the discharge of the attachment or revive it. (*Loveland* v. *Alvord Consol. Quartz Min. Co.*, 76 Cal. 562 [18 P. 682]; *Hamilton* v. *Bell*, 123 Cal. 93 [55 P. 758]; *contra:* cases collected 115 A.L.R. 598.) And under the prior law the lack of finality of the judgment with regard to appeal did not prevent the discharge of the attachment. (*Aigeltinger* v. *Whelan*, 133 Cal. 110 [65 P. 125].) Indeed, since the amendment to 553, the making in the trial court and granting of a motion to vacate a judgment for defendant does not preserve the attachment (*Clark* v.

*Superior Court,* 37 Cal.App. 732 [174 P. 681]). Under a statute similar to ours the same result has been reached in regard to a pending motion for a new trial (*Ranft* v. *Young,* 21 Nev. 401 [32 P. 490]). It is clear, therefore, that the Legislature has not made either the pendency or granting of a motion for a new trial after judgment for defendant effective to keep alive or revive an attachment.

Notwithstanding the foregoing, the majority affirms an order which is obviously invalid and which must be vacated by the trial court when this decision becomes final. This, however, will necessitate further proceedings in the trial court and another appeal if the losing party sees fit to thus prolong the litigation.

This is unfortunate in view of the overcrowded condition of our court calendars. It also violates the policy of our courts to decide cases so as to terminate litigation wherever possible in the interests of justice.

For the foregoing reasons, I would reverse the order.

TRAYNOR, J.—I dissent.

It is my opinion that plaintiff had written notice of the entry of judgment within the meaning of section 946 of the Code of Civil Procedure and that his right to preserve the attachment by taking an appeal was therefore lost five days after the service of the notice.

Judgment for defendant was entered on November 26, 1951. On December 4, 1951, plaintiff served and filed notice of intention to move for a new trial, and on January 3, 1952, defendant served and filed notice of motion to vacate the attachment on the ground that "judgment had been rendered in favor of the defendant and no notice of appeal or undertaking on appeal had been filed within five days from and after the entry of said judgment." At no time thereafter did plaintiff perfect an appeal from the judgment. Defendant's motion was denied on February 6, 1952, after plaintiff's motion for a new trial had been granted. Section 946 of the Code of Civil Procedure provides that an attachment may be continued in force if an appeal is perfected "within five days after written notice of the entry of the order appealed from." Whether or not plaintiff's notice of motion for a new trial constituted a waiver of the right to written notice (see *Prothero* v. *Superior Court,* 196 Cal. 439, 444 [238 P. 357], defendant's notice of motion to vacate the attachment, which recited that "judgment had been rendered in favor

of defendant," constituted written notice of the entry of the judgment within the meaning of section 946. The right to preserve the attachment by taking an appeal was therefore lost five days after the service of the notice on January 3, 1952.

Section 946 assures the plaintiff knowledge of the entry of judgment and fixes the date for the commencement of the running of the five-day period. These purposes were accomplished when defendant served and filed her notice of motion to vacate the attachment. The only other possible purpose for the notice of the entry of judgment is to bring home to the plaintiff that the defendant is asserting his right to have the attachment dissolved if an appeal is not perfected in five days. (See *Byrne* v. *Hudson,* 127 Cal. 254, 257 [59 P. 597].) Since defendant's notice expressly called plaintiff's attention to the fact that defendant was relying on the entry of judgment to establish her right to dissolution of the attachment, it could not have subserved this purpose better. The majority opinion states, however, that "the fact that defendant incidentally indicated to plaintiff, by serving and filing her notice of motion to dissolve the attachment, that judgment had been entered is not sufficient compliance with the statutory requirement that written notice be given to start the running of the five-day period. (See *Byrne* v. *Hudson* (1899), 127 Cal. 254, 257 [59 P. 597].)" In the Byrne case the judgment provided that if plaintiff did not pay defendant a certain sum of money within 20 days of written notice of entry of judgment she would lose her equity of redemption. Defendant served on plaintiff a notice of intention to move for a new trial, reciting that the judgment had been entered. The court held that this notice of motion was not sufficient to start the running of the 20-day period. "The question arose out of the express terms of the judgment, which required 'written notice of the entry of this judgment.' We think, therefore, that as appellant's right in the premises depended upon the commencement of the running of a certain period of time mentioned in the judgment, and as her title was to be forfeited unless a certain act was done within that period of time, she was entitled to a notice expressly intended for the purpose of starting the period of time mentioned in the judgment, and that a mere incidental recital in a notice of a motion for a new trial, given for an entirely different purpose, was not a sufficient compliance with the terms of the judgment." (127 Cal. at 257.) In the present case, however, defendant's notice of motion was not given

for a purpose foreign to the attachment, but was related directly to the effect of the entry of judgment on its continuance. The fact that judgment had been entered was not recited merely incidentally, but as the very basis for the intended motion. Defendant may have been premature in noticing her motion to dissolve the attachment, but by doing so she gave plaintiff all the notice of the entry of judgment to which he was entitled. When he failed within five days to perfect an appeal from the judgment, defendant was entitled to have the attachment dissolved.

Appellant's petition for a rehearing was denied January 27, 1954. Carter, J., and Traynor, J., were of the opinion that the petition should be granted.