[Civ. No. 16228.   First Dist., Div. Two.   June 27, 1955.]

HENRY K. HENDERSON, Appellant, v. LILY ZELLER-BACH DRAKE, Respondent.

H. W. Glensor for Appellant.

Erskine, Erskine & Tulley and J. Oscar Goldstein for Respondent.

NOURSE, P. J.—This is an appeal by plaintiff from an order granting defendant's second motion to dissolve an attachment, after the first such motion had been denied.

Plaintiff sued on an accepted sight draft given in Mexico City and, in a second cause of action, on a judgment given in Mexico City upon the draft. Contemporaneously he secured an attachment which was levied on certain shares of stock owned by defendant. Pursuant to a trial judgment was entered for defendant on November 26, 1951. No formal written notice of entry of judgment was given to plaintiff. On December 4, 1951, plaintiff served and filed notice of intention to move for a new trial. On January 3, 1952, defendant served and filed notice of motion to dissolve the attachment. On January 28, 1952, plaintiff's motion for a new trial was granted. On February 6, 1952, defendant's motion to dissolve the attachment was denied. Thereafter defendant timely appealed from the granting of plaintiff's motion for a new trial and from the denial of her motion to dissolve the attachment. The order granting the new trial was affirmed by the other division of this court on June 30, 1953, in *Henderson* v. *Drake,* 118 Cal.App.2d 777 [258 P.2d 879], which judgment has become final. The order denying defendant's motion to dissolve the attachment was affirmed by the Supreme Court on December 31, 1953. (*Henderson* v. *Drake,* 42 Cal.2d 1 [264 P.2d 921].) On January 12, 1954, defendant noticed her second motion to dissolve the attachment, which was granted by minute order on February 4, 1954, after the remittitur of the Supreme Court decision had come down. On February 11, 1954, the superior court entered a written order in which it found that plaintiff had failed to appeal from the judgment for defendant and that the time for such appeal had expired, wherefore the attachment was ordered dissolved and the sheriff directed to release any attachment levied and to notify all garnishees of the release. The appeal before us is from the two orders of February 4 and February 11, 1954.

In its decision (42 Cal.2d 1 [264 P.2d 921]) the Supreme Court gave a construction of sections 553 and 946 of the Code of Civil Procedure decisive of this appeal. Section 553 provides in part, "If the defendant recovers judgment against the plaintiff, and no appeal is perfected and undertaking executed and filed as provided in section 946 of this code . . . all the property attached . . . must be delivered to the defendant or his agent, the order of attachment be discharged, and the property released therefrom" and section 946, "An appeal does not continue in force an attachment, unless an undertaking be executed and filed on the part of the appellant . . . and unless, within five days after written notice of the entry of the order appealed from, such appeal be perfected." The Supreme Court held that the effect of these sections was "that the attachment remains effective as long as an appeal may be taken unless written notice of entry of judgment is given, in which event the attachment perdures for only five days after such notice unless an appeal is perfected within that time." It was further held that when on February 6, 1952, the trial court decided the first motion to dissolve the attachment, defendant could still appeal the order granting a new trial, and if defendant would do so, plaintiff under rule 3a of the Rules on Appeal would have 20 days after mailing of notification by the clerk of such appeal to appeal from the judgment. "Therefore, on February 6, 1952, there was still an opportunity for plaintiff to perfect an appeal, file an undertaking, and in that manner keep alive the attachment, and the trial court correctly refused to order that the attachment be dissolved."

It is undisputed that when defendant did appeal from the order granting a new trial plaintiff did not avail himself of his right of cross-appeal of the judgment under rule 3a, and that when the second motion to dissolve the attachment was decided, plaintiff had lost all opportunity to perfect an appeal from the judgment for defendant. That is what distinguishes the situation at the time of the second motion to dissolve from the one at the time of the earlier motion and what justifies the opposite result.

Appellant contends that the Supreme Court cannot have intended to hold that plaintiff, to keep his attachment alive, should have taken an appeal from the judgment after it had been set aside on his motion for a new trial. The majority opinion did not expressly state what effect if any the motion for and the granting of a new trial had on the life of the

attachment, but decided the appeal solely on the ground that the right to appeal had not yet been lost. (See p. 5 "Regardless of the effect or lack of effect on the attachment of the order granting a new trial . . .") ▉ However, the point is treated at length in one of the dissenting opinions (42 Cal.2d at pp. 8-9), stating the rule "that the pendency of a motion for a new trial or the granting of that motion does not operate to stay the extinguishment of an attachment . . ." This court came to the same conclusion in its opinion on the appeal of the order denying the first motion to dissolve the attachment (*Henderson* v. *Drake*, (Cal.App.) 255 P.2d 875), after which the Supreme Court granted the hearing which resulted in the opinion in 42 Cal.2d [264 P.2d 921]. There is no conflict between the majority opinion and that of this dissenting justice or of our court as the point is not treated in the majority opinion. No good purpose would be served by repeating the arguments given in the two opinions mentioned. On the grounds there stated we hold that our code does not provide for the keeping of an attachment in effect in case of a motion for or the granting of a new trial, and that to maintain the attachment plaintiff should have appealed. As he did not do so the attachment was correctly dissolved.

Appellant urges that even if the order dissolving the attachment was correct its effect was stayed by his appeal and that therefore the sheriff should not have been ordered to release the attachment levied. His contention was rejected by the trial court when it denied a motion to vacate the order of February 11. ▉ Appellant contends that the question whether the appeal of the order dissolving an attachment stays its effect is governed by the general stay provision of section 949 Code of Civil Procedure not by the quoted provision of section 946 with respect to the effect of an appeal on an attachment. We do not agree. Sections 553 and 946, *supra*, clearly show the intent that no attachment will remain in effect after judgment for defendant during the often prolonged period of an appeal unless the undertaking of section 946 has been executed and filed. There is as much reason for such security when the appeal is taken from the order dissolving the attachment as when the appeal is taken from the judgment for defendant. In *Hallam Cooley Agency, Inc.* v. *Superior Court*, 30 Cal.App.2d 20 [85 P.2d 457] and *Albertsworth* v. *Glens Falls Indem. Co.*, 84 Cal.App.2d 816, 821 et seq. [192 P.2d 66], the court assumes that section 946

is applicable to an appeal from an order dissolving an attachment where an undertaking to keep the attachment in effect has been furnished. In *Flagg* v. *Puterbaugh,* 101 Cal. 583, 584 [36 P. 95], the Supreme Court clearly indicates that an appeal from an order dissolving an attachment is authorized although it will not preserve the lien of the attachment. In *Doud* v. *Jackson,* 102 Cal.App. 213 [283 P. 107] it was held that the question whether the attachment had lapsed by failure to file undertaking on appeal under section 946 when appeal was taken from an order to dissolve attachment becomes immaterial on the affirmance of said order; it does not appear that in that case there had been a judgment for defendant. In the case before us, although written notice of the order dissolving the attachment had been given, appellant failed and refused to furnish the undertaking of section 946 or any undertaking on appeal, notwithstanding the fact that a judgment for defendant had been rendered which was not appealable at that time. Under these circumstances the attachment was not kept in effect by the appeal from the order dissolving the attachment, which order moreover will be affirmed.

Orders affirmed.

Dooling, J., and Kaufman, J., concurred.