[Civ. No. 16601.   First Dist., Div. Two.   Jan. 23, 1956.]

HENRY K. HENDERSON, Respondent, v. LILLY ZELLERBACH DRAKE, Appellant.

Erskine, Erskine & Tully, J. Oscar Goldstein, Burton J. Goldstein and Donald B. Lewis for Appellant.

H. W. Glensor for Respondent.

NOURSE, P. J.—Plaintiff sued on a sight draft for 87,000 pesos allegedly accepted by defendant in Mexico City on May 12, 1946, and in a second cause of action, on a judgment given in Mexico City upon said draft. The prior decisions in this action are mentioned in *Henderson* v. *Drake,* 134 Cal.App.2d 145 [285 P.2d 79]. One of them, *Henderson* v. *Drake,* 118 Cal.App.2d 777 [258 P.2d 879], affirmed an order granting a motion of plaintiff for a new trial after judgment for defendant, the order having specified insufficiency of the evidence as one of the grounds. The retrial of the case resulted in a judgment on the verdict for plaintiff on the first cause of action and in a judgment dismissing the second cause of action with prejudice on the ground that the Mexican court had no jurisdiction of the person of defendant. (The second count had by stipulation been withdrawn from the jury to be decided by the court. The court gave its decision in a separate judgment after the judgment on the verdict for plaintiff had been entered.) Defendant has appealed from the judgment on the verdict, complaining of errors in instruction only. Plaintiff has cross-appealed from the judgment dismissing his second cause of action in the event that the judgment on the first cause of action would be reversed.

It was the position of plaintiff, a Mexican lawyer of United States origin, that the draft was accepted by defendant in payment of extensive legal services rendered and costs paid by plaintiff for defendant since the death of defendant's husband in 1943 in several matters including those relating to the estate of her deceased husband and the avoiding of inheritance tax on it. It was the position of defendant that, although her signature appeared on the draft, it had been obtained by fraud and conspiracy of plaintiff with a certain Antonio Acosta Cruz, who at the time acted as her business agent and who made her sign many blank papers for fictitious purposes; plaintiff had rendered some minor services but had never presented a bill for them and therefore there had

been no payment; there was no consideration for the acceptance of the draft. The Mexican judgment was obtained by default, after defendant had left Mexico, by service on Antonio Acosta Cruz, who claimed to be defendant's agent by power of attorney, which power of attorney was denied by defendant.

Defendant's first contention is, that if the draft was accepted by her, which she denies, it was accepted in payment of plaintiff's alleged services as an attorney and arose from a confidential attorney-client relationship, so that the presumptions of lack of consideration and undue influence of section 2235 of the Civil Code applied and it was error to give an instruction requested by plaintiff to the effect that if defendant relies on fraud or misrepresentation inducing the signing of the draft she had the burden of proving such fraud and misrepresentation. Whatever there be of the correctness of said contention as an abstract proposition, at any rate the contention is not available to appellant. She did not request any instruction on section 2235 of the Civil Code and the court gave at her request the following instructions as to the defense of lack of consideration:

"Absence or failure of consideration is a matter of defense as against any person not a holder in due course; and partial failure of consideration is a defense pro tanto whether the failure is an ascertained and liquidated amount or otherwise.

"The burden of showing a want of consideration is upon the acceptor of a bill of exchange. However, there can be no recovery upon a bill of exchange which the evidence shows has been executed without a consideration."

These instructions applied to the facts of this case put the burden of proof on defendant contrary to her present contention that under section 2235, *supra,* the burden of proof of consideration is on plaintiff. The above instructions requested by defendant may well be correct because there was evidence that at the date of the acceptance of the draft the attorney-client relation between plaintiff and defendant had ended and defendant had another attorney. But if, as now contended by appellant, the relationship at that time was still in existence, the quoted instructions of defendant, in ignoring said relationship and the presumptions which follow from it, contained the same error as the one of which she now complains. "It is well established that a party cannot complain of an error in an instruction given at the request of his adversary when one requested by him also

contains the same error." (*Zuckerman* v. *Underwriters at Lloyd's, London,* 42 Cal.2d 460, 470 [267 P.2d 777].)

█ Appellant further attacks the following instruction given at the request of plaintiff:

"The defendant in this action pleads a complete and total lack of consideration for the acceptance of the draft. If you find from the evidence that defendant signed the acceptance of the draft, and that, at and before the time she signed it, she owed Mr. Henderson some amount of money for his services, you are instructed that said antecedent debt constituted a good and valuable consideration for the acceptance."

It is correctly said that said instruction is defective in that it omits the requirement that defendant must have agreed to accept the draft in return for said consideration. See *Simmons* v. *California Institute of Technology,* 34 Cal.2d 264, 272 [209 P.2d 581], and *Bard* v. *Kent,* 19 Cal.2d 449, 452 [122 P.2d 8, 139 A.L.R. 1032], in both of which cases the following language is quoted from section 75 of the Restatement, Contracts (com. b-c):

"Consideration must actually be bargained for as the exchange for the promise . . . The existence or non-existence of a bargain where something has been parted with by the promisee or received by the promisor depends upon the manifested intention of the parties . . . The fact that the promisee relies on the promise to his injury, or the promisor gains some advantage therefrom, does not establish consideration without the element of bargain or agreed exchange."

The defect is highly prejudicial because defendant conceded that plaintiff had rendered some minor services but denied that she had accepted the draft in consideration of said services or knowingly for any consideration at all. If the fact alone that she owed Mr. Henderson some money for his services was sufficient to constitute good consideration for the acceptance, then appellant's above position would not constitute the defense of lack of consideration. The instruction is also in conflict with part of the instruction quoted before as given at the request of defendant, that "partial failure of consideration is a defense pro tanto whether the failure is an ascertained and liquidated amount or otherwise," as the instruction attacked states that any services rendered are a good consideration for the acceptance, independent of the amount owed for them. █ "If the statement to the jury of an essential principle of law is materially incorrect, the error is not generally remedied by a correct declaration of the same principle in another instruction."

(*Wells* v. *Lloyd*, 21 Cal.2d 452, 458 [132 P.2d 471].)
█ There is in this case no indication whatever which of the two rules the jury would follow, as they were not instructed in general on the meaning of and necessity for consideration, the sufficiency of consideration and the effect of failure thereof, as they should have been. (17 C.J.S. 1306.) No other instruction given did in any way cure the defect.

Although respondent does not expressly or clearly treat this point it seems to be his contention that the instruction was not prejudcial because there was no evidence whatever from which the jury could have concluded a lack of consideration. We do not agree. Although neither appellant herself, who was ill, nor any other witness testified at the trial in support of her contentions, her attorney with the consent of plaintiff read into evidence her testimony at the prior trial which contained among other things that although her signature was on it she never signed the draft as such. Moreover, the attorney of plaintiff with the consent of defendant's attorney read into evidence before the jury parts of defendant's sworn amended answer to the amended complaint, from the amendment to paragraph 1 of separate defense to plaintiff's first cause of action in his amended complaint and from her affidavit in opposition to motion of plaintiff for summary judgment in which she stated in detail her position as to the fraud of Antonio Acosta Cruz, her lack of knowledge of the draft and the failure of consideration. No instruction whatever was asked by either party or given by the court to the effect that the sworn statements of defendant so read into evidence by consent could be considered by the jury for purpose of impeachment only or that their consideration was in any manner restricted. They could then be considered by the jury for all purposes and could have supported a verdict for defendant.

Because of the prejudicial error in giving said instruction on consideration the judgment on the verdict must be reversed.
█ Plaintiff contends that it was error to dismiss his second cause of action with prejudice on the ground that the Mexican judgment on which it was based was void because it was obtained without due process of law and without the court having jurisdiction of the person of defendant. By stipulation of the parties the second cause of action was withdrawn from the jury to be decided by the court. Its decision is supported by the expert testimony of Mr. Esco-

bedo, a Mexican attorney and professor of law at the University of Mexico who testified as to the Mexican law in substance that if, as in this case, service is made on a person who claims to be the attorney in fact of the defendant, his power of attorney must be produced in court and the judgment must recite that the power was produced and examined by the court. The filing of the power or a verified copy of it with the record is obligatory. Such applies also to a default judgment of the kind here involved, as to which the statute requires very careful study of the legality of the service. The return of process of service in the record shows a statement only of Antonio Acosta Cruz that he was attorney general in fact of the defendant, not that any power was displayed. Although a judgment once given is presumed to be legal and the judge to have taken the correct steps, here no evidence whatsoever was offered so that the return of service cannot have been complemented by it. Cross-appellant, who himself qualified as an expert, relies on his own testimony that the production of the power of attorney in court is required only if the attorney in fact wishes to defend the action, not when he defaults. Evidently this testimony caused a conflict only to be resolved by the trier of facts (*Logan* v. *Forster,* 114 Cal.App.2d 587, 595-596 [250 P.2d 730].) It may be noted that cross-appellant did not contend that a power of attorney had in any manner been displayed to the court but only that such was not necessary.

The judgment for plaintiff in the first cause of action is reversed; the judgment for defendant on the second cause of action is affirmed.

Dooling, J., and Kaufman, J., concurred.

A petition for a rehearing was denied February 21, 1956, and respondent's petition for a hearing by the Supreme Court was denied March 21, 1956.