[No. B143895. Second Dist., Div. Seven. May 14, 2001.]

LOS ANGELES TIMES, Plaintiff and Appellant, v.
ALAMEDA CORRIDOR TRANSPORTATION AUTHORITY, Defendant
and Respondent.

1382

## COUNSEL

Gibson, Dunn & Crutcher, Theodore J. Boutrous, Jr., Timothy L. Alger; and Karlene W. Goller for Plaintiff and Appellant.

Keesal, Young & Logan, Samuel A. Keesal, Jr., Elizabeth P. Beazley and James R. Greene for Defendant and Respondent.

## Opinion

## BOLAND, J.*—

### Summary

The Los Angeles Times (the Times) appeals from an order denying its motion for attorney fees incurred in its suit against the Alameda Corridor Transportation Authority (Authority) to obtain copies of two documents under the California Public Records Act. The Authority moves to dismiss the appeal on the ground that the attorney fee order is reviewable only by extraordinary writ. On the merits, the Authority argues that the motion for attorney fees was untimely and that the Times did not prevail in the litigation, principally because it did not obtain all the documents it sought. We conclude the order is appealable, and the trial court erred in refusing to award attorney fees.

### Factual and Procedural Background

The Times filed a petition for a writ of mandate, seeking access to several documents from the Authority under the California Public Records Act. (Gov. Code § 6250 et seq.) The documents were (1) an audit report prepared by the Long Beach City Auditor concerning financial transactions by the former chief financial officer of the Authority, and (2) certain "narrative documents" and an "attached report" referred to in the publicly released portions of a risk assessment study of the Authority conducted by KPMG (referred to as the KPMG narratives).[1] The Times's interest in these documents was prompted by news reports that the Authority's chief financial officer had inadvertently transferred $3 million of the Authority's funds to her personal bank account.

After several hearings and an in camera review of the two documents, on January 5, 2000, the trial court issued an order (1) finding the Long Beach audit report exempt from disclosure on three of the seven grounds asserted by the Authority, but (2) ordering disclosure of the KPMG narratives, with

---

* Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

[1] In its petition, the Times also asked for the letter by which the Authority engaged KPMG to perform the study. In its response to the Times's petition, the Authority provided a copy of that letter. The Authority also advised that the "attached report" referred to in the study was an appendix that had already been made public. So, the documents in dispute were only the Long Beach audit report and the KPMG narratives.

certain redactions. Neither the Times nor the Authority sought review of the court's order. Four months later, the Times moved for an award of court costs and attorney fees under Goverment Code section 6259, subdivision (d) of the California Public Records Act, which mandates such an award to a plaintiff who "prevail[s] in litigation filed pursuant to" section 6259.

The Authority opposed the award, arguing that the Times should have made a written, not an oral, request for the records; the motion for fees was untimely; the Times was not the prevailing party; and the fees were unreasonable. On June 21, 2000, the trial court denied the Times's motion on the grounds it was time-barred and the Times was not the prevailing party.

On July 17, 2000, the Times sought an extraordinary writ from this court to compel the trial court to grant its motion for attorney fees. Three days later the writ was summarily denied.

The Times then filed a notice of appeal from the trial court's order. The Authority filed a motion to dismiss the appeal, and a ruling on that motion was deferred for consideration together with the merits of the case.

## DISCUSSION

### I. *The Motion to Dismiss the Appeal*

We conclude that an order denying attorney fees under the California Public Records Act is reviewable on appeal, and accordingly deny the Authority's motion to dismiss the appeal.

A. *Section 6259 of the California Public Records Act does not limit appellate review of attorney fee orders to review by extraordinary writ.*

 A court order either directing disclosure of public records or refusing disclosure is not appealable, but is immediately reviewable by extraordinary writ. (Gov. Code, § 6259, subd. (c).) The Authority says this statutory provision also applies to a court order denying a motion for attorney fees, so that we have no jurisdiction to consider the Times's appeal of the order denying fees.

We disagree. Both case law and the legislative history of the California Public Records Act support our conclusion that an order denying attorney fees under Goverment Code section 6259 is reviewable on appeal.

In *Butt v. City of Richmond* (1996) 44 Cal.App.4th 925, 929, 931 [52 Cal.Rptr.2d 232], the court held it had jurisdiction to hear an appeal from a

superior court decision finding the plaintiff's document request under the California Public Records Act frivolous, and awarding attorney fees to the city. The court pointed out that the Legislature's purpose in providing for review by extraordinary writ of orders compelling or refusing disclosure of public records was to accelerate appellate review. Acceleration was considered necessary to prevent public agencies from delaying disclosure of public records by appealing and using continuances, thus frustrating the intent of the California Public Records Act. (*Id.* at p. 930.) The court observed that the prejudice inherent in any delay caused by appeal of disclosure rulings is not present when appellate review concerns only entitlement to costs and attorney fees. *Butt* found "nothing in the legislative history of section 6259(c) to indicate the Legislature intended to accelerate appellate review of such orders." (*Id.* at p. 931; see also *Motorola Communication & Electronics, Inc. v. Department of General Services* (1997) 55 Cal.App.4th 1340, 1342, 1344 fn. 2 [64 Cal.Rptr.2d 477] [affirming denial of Motorola's request for attorney fees and noting that "[a]n order granting or denying attorney fees under the Public Records Act is reviewable on appeal from a final judgment in the proceeding"].)

The legislative history of both the 1984 and 1990 amendments to Government Code section 6259, subdivision (c), confirms the conclusion reached in *Butt v. City of Richmond.* The 1984 amendment made disclosure orders reviewable only by extraordinary writ. The "exclusive purpose" of that amendment was to speed appellate review. (*Times Mirror Co. v. Superior Court* (1991) 53 Cal.3d 1325, 1334 [283 Cal.Rptr. 893, 813 P.2d 240].) The bill was intended " 'to expedite appellate review of judicial rulings *relating to the withholding of public records* by providing for the review to be by petition for issuance of a writ rather than by appeal.' " (*Id.* at p. 1335, quoting Assem. Com. on the Judiciary, Analysis of Sen. Bill No. 2222 (1983-1984 Reg. Sess.) Aug. 6, 1984, italics added.)

The Authority argues the "plain language" of the second sentence of Government Code section 6259, subdivision (c), requires the conclusion that an attorney fee order under section 6259 is reviewable only by extraordinary writ. The sentence specifies the timing requirements for filing a writ petition, and says: "Upon entry of *any order pursuant to this section,* a party shall, in order to obtain review of the order, file a petition within 20 days . . . ."[2] (Gov. Code § 6259, subd. (c), italics added.)

---

[2]The full text of subdivision (c) is as follows: "(c) In an action filed on or after January 1, 1991, an order of the court, either directing disclosure by a public official or supporting the decision of the public official refusing disclosure, is not a final judgment or order within the meaning of Section 904.1 of the Code of Civil Procedure from which an appeal may be taken, but shall be immediately reviewable by petition to the appellate court for the issuance of an

The Authority's "plain language" argument fails for several reasons. ██ First, the "plain meaning" rule of statutory construction does not require, or allow, us to read a single sentence of a statutory provision in isolation. Words in a statute " 'must be construed in context, keeping in mind the nature and obvious purpose of the statute where they appear.' " (*Moyer v. Workmen's Comp. Appeals Bd.* (1973) 10 Cal.3d 222, 230 [110 Cal.Rptr. 144, 514 P.2d 1224], quoting *Johnstone v. Richardson* (1951) 103 Cal.App.2d 41, 46 [229 P.2d 9].) ██ While the sentence on which the Authority relies refers to "any order pursuant to this section," the preceding and succeeding sentences, and every other use of the word "order" in Government Code section 6259, are clearly addressed to orders "either directing disclosure by a public official or supporting the decision of the public official refusing disclosure . . . ." (Gov. Code § 6259, subd. (c).) Unless we view the sentence in a vacuum, the words "any order" in the second sentence must likewise refer to any order directing or refusing disclosure.

Moreover, the language "any order" on which the Authority relies was not even included in the statute until 1991. It was part of an amendment passed in 1990 to clarify the Legislature's intention that the purpose of writ review was to expedite appellate consideration, not to preclude review on the merits. (*Times Mirror Co. v. Superior Court, supra*, 53 Cal.3d at p. 1336 [scope of writ review of orders under Gov. Code, § 6259 not confined to acts in excess of jurisdiction].) To accomplish this clarification, the Legislature eliminated the reference to writs of review "as defined in Section 1067 of the Code of Civil Procedure," referring instead to "extraordinary" writs. The Legislature also added specific timing requirements for filing writ petitions, containing the "any order" language, as well as burden of proof requirements for obtaining a stay of the order.

In short, the context of the 1984 and 1990 amendments, providing for and clarifying the scope of writ review, related only to orders concerning disclosure of public records. Given that context, it is difficult to reach any conclusion except that the Legislature intended "any order" to mean any order relating to disclosure of public records.

---

extraordinary writ. Upon entry of any order pursuant to this section, a party shall, in order to obtain review of the order, file a petition within 20 days after service upon him or her of a written notice of entry of the order, or within such further time not exceeding an additional 20 days as the trial court may for good cause allow. If the notice is served by mail, the period within which to file the petition shall be increased by five days. A stay of an order or judgment shall not be granted unless the petitioning party demonstrates it will otherwise sustain irreparable damage and probable success on the merits. Any person who fails to obey the order of the court shall be cited to show cause why he or she is not in contempt of court." (Gov. Code, § 6259, subd. (c).)

In summary, both case precedent and legislative history confirm that, while disclosure orders are reviewable only by extraordinary writ, the Legislature did not intend to eliminate review by appeal of orders involving only attorney fees and costs.

B. *The order denying attorney fees is appealable as a final judgment under section 904.1, subdivision (a)(1) of the Code of Civil Procedure.*

The Authority also argues that the order denying attorney fees to the Times is not an appealable postjudgment order, because the underlying disclosure order was not appealable.[3] But case law is clear that an order denying attorney fees may be appealable as a final judgment, even when the underlying order or judgment is not appealable. That is exactly the case here.

In *Joyce v. Black* (1990) 217 Cal.App.3d 318, 321 [266 Cal.Rptr. 8], the court held an appeal from an order striking costs was appealable as a final judgment, even though the underlying judgment on a judicial arbitration award was not appealable. It is the "substance and effect of the order, not its label or form, [that] determines whether it is appealable as a final judgment." (*Ibid.*) In *Joyce,* the order striking costs had "all the earmarks of a final judgment." (*Ibid.*) The order left nothing for future consideration; it was the only judicial ruling in the case, and no other opportunity existed for review by appeal. The court therefore concluded the order was appealable as the final judgment in the action. (*Id.* at pp. 321-322.)

The court reached a similar result in *Bank of California v. Thornton-Blue Pacific, Inc.* (1997) 53 Cal.App.4th 841 [62 Cal.Rptr.2d 90], finding that an order releasing certain funds to the bank was in legal effect a final judgment for purposes of appeal, even though no final judgment was entered in the action. (*Id.* at pp. 845-846.)[4]

Here, the order denying the Times's attorney fees is appealable as a final judgment under Code of Civil Procedure section 904.1, subdivision (a)(1). As in *Joyce,* the underlying judgment is not appealable. However, the order

---

[3]Paragraph (1) of section 904.1, subdivision (a), of the Code of Civil Procedure permits an appeal to be taken from a final judgment, with certain exceptions, and paragraph (2) allows an appeal from "an order made after a judgment made appealable by paragraph (1)."

[4]See also *Lakin v. Watkins Associated Industries* (1993) 6 Cal.4th 644, 656 [25 Cal.Rptr.2d 109, 863 P.2d 179] (order denying award of attorney fees is appealable postjudgment order; it determines rights and liabilities of parties arising from judgment, is not preliminary to later proceedings, and will not become subject to appeal after some future judgment). In *Lakin,* fees were requested under Code of Civil Procedure section 2033, subdivision (o), which states the conditions under which attorney fees are to be awarded when a party refuses to admit the genuineness of a document or the truth of a matter subsequently proved to be genuine or true.

denying attorney fees itself has "all the earmarks of a final judgment." Nothing remains for future consideration, and no other opportunity exists for appellate review. It is therefore "properly viewed as a final judgment and hence appealable as such" under section 904.1, subdivision (a)(1). (*Joyce v. Black, supra*, 217 Cal.App.3d at p. 321.)

## II. *The Merits of the Times's Appeal.*

The trial court denied the Times' motion for attorney fees on the grounds that (a) the motion was untimely, and (b) the Times was not the prevailing party within the meaning of the California Public Records Act. The court erred on both points.

### A. *The Times's motion to the trial court for attorney fees was timely.*

■■■ The trial court ruled the motion for attorney fees was time-barred by rule 870.2(b)(1) of the California Rules of Court. Rule 870.2(b)(1) requires the filing and service of a motion for attorney fees "within the time for filing a notice of appeal under rules 2 and 3."[5] The Authority argues this language means a motion for fees must be filed within 60 days of the court's underlying disclosure order. But that is not what rule 2 says.

Under California Rules of Court, rule 2, the last day for filing a notice of appeal is the earliest of (1) 60 days after the clerk mails a document entitled "notice of entry" of judgment, (2) 60 days after service of a document entitled "notice of entry" of judgment by either party, or (3) 180 days after the date of entry of the judgment.[6]

In this case, the Times's motion for fees was filed 132 days after entry of the trial court's minute order on disclosure of the documents. ■■■■■■ The disclosure order was not mailed by the clerk or served by either party on the other.[7] ■■■ Consequently, under California Rules of Court, rule

---

[5] The full text of rule 870.2(b)(1) is: "(1) A notice of motion to claim attorney fees for services up to and including the rendition of judgment in the trial court—including attorney fees on an appeal before the rendition of judgment in the trial court—shall be served and filed within the time for filing a notice of appeal under rules 2 and 3."

Rule 3 has no application to this case.

[6] Rule 2(d) of the California Rules of Court provides that "judgment" means "appealable order" if the appeal is from an appealable order.

[7] The Authority says that the absence of formal service of the January 5, 2000 order is not relevant to the timeliness of the Times's motion. Its argument seems to be aimed at whether

870.2(b)(1), the Times was entitled to 180 days from entry of the order to file its motion for fees, and it did so well within that period.[8]

B. *The trial court erred in finding that the Times was not the prevailing party for purposes of an award of attorney fees.*

The trial court's second ground for denying attorney fees was that the Times was not the "prevailing party." The court gave two reasons for its conclusion: (1) the Times "prevailed only partially"; and (2) the California Public Records Act "contemplates a written request," the lack of which "causes much needless work for all." Both findings are erroneous as a matter of law.

1. *The California Public Records Act mandates an award of fees when a public agency discloses a document only when it is forced to do so by a lawsuit.*

The principal issue is whether the trial court had the discretion to deny attorney fees because the Times "prevailed only partially," obtaining

---

a further written order was required by the terms of the minute order to begin the running of time to appeal under California Rules of Court, rule 2. (The Times argues that the minute order explicitly directed the Authority to prepare a proposed order, which the Authority never did, so that the appeal time, and hence the time for filing an attorney fee motion under rule 870.2, has *still* not begun to run. The Authority argues that at the hearing, the trial court clearly said, contrary to its minute order, that no proposed order was necessary.) We need not decide that question, because the absence of formal service of the order *does* mean that the longer 180-day period would apply, rendering the Times's motion timely in any event. If the Authority is trying to say that the Times waived the right to receive written notice of entry for purposes of starting the running of the 60-day period, the Authority is incorrect. Actual knowledge of the entry of judgment is not enough to waive the right to receive written notice of entry. (See *Henderson v. Drake* (1953) 42 Cal.2d 1, 5-6 [264 P.2d 921].) There may be circumstances in which the statutory requirement for written notice of entry of judgment may be waived (*id.* at p. 5), but there was no express waiver here. While the court's minute order says that "notice is waived," the transcript of the January 5 hearing shows no such waiver by the Times, nor does the Authority point to any other evidence of express waiver.

[8]There is some doubt whether the time requirements of California Rules of Court, rule 870.2(b)(1) apply in circumstances where the underlying judgment or order (here, the disclosure order) is not a final judgment or order from which an appeal may be taken, and instead is reviewable only by extraordinary writ. (See *Exxess Electronixx v. Heger Realty Corp.* (1998) 64 Cal.App.4th 698, 706 [75 Cal.Rptr.2d 376] [rule 870.2 arguably did not establish *any* deadline for filing motion for attorney fees because cross-complaint was resolved by way of settlement and dismissal and there was no appealable order or judgment] [dicta].) We need not decide that point because, as explained in the text, even if rule 870.2(b) is applied, the time for filing a notice of appeal under rule 2 had not expired.

only one of the two documents sought in its lawsuit. Both case law and the purpose of the California Public Records Act compel us to say the answer is no.

The act mandates a fee award to a plaintiff if it prevails, and to a defendant only if the plaintiff's case is "clearly frivolous." A plaintiff prevails within the meaning of the statute "when he or she files an action which results in defendant releasing a copy of a previously withheld document." (*Belth v. Garamendi* (1991) 232 Cal.App.3d 896, 898 [283 Cal.Rptr. 829].)

An action results in the release of previously withheld documents "if the lawsuit motivated the defendants to produce the documents." (*Rogers v. Superior Court* (1993) 19 Cal.App.4th 469, 482 [23 Cal.Rptr.2d 412].) Cases denying attorney fees to a plaintiff under the act have done so because substantial evidence supported a finding that the "litigation did *not* cause the [agency] to disclose any of the documents ultimately made available . . . ." (*Motorola Communication & Electronics, Inc. v. Department of General Services, supra*, 55 Cal.App.4th at p. 1351, italics added; *Rogers v. Superior Court, supra*, 19 Cal.App.4th at p. 483 [substantial evidence that documents were found as result of search instituted prior to filing of complaint and were not disclosed in response to suit].)

In short, if a public record is disclosed only because a plaintiff filed a suit to obtain it, the plaintiff has prevailed. It is undisputed that the document containing the KPMG narratives was disclosed only because the Times sued to obtain it. Nothing in any case decided under the act supports the contention that a plaintiff who obtains only one of two documents sought has not prevailed within the meaning of the act. Other cases, without discussion, have awarded fees where disclosure is ordered for fewer than all of the documents sought. (*Register Div. of Freedom Newspapers, Inc. v. County of Orange* (1984) 158 Cal.App.3d 893, 910 [205 Cal.Rptr. 92].)[9]

Circumstances could arise under which a plaintiff obtains documents, as a result of a lawsuit, that are so minimal or insignificant as to justify a finding

---

[9]The Authority argues that the court should look to several other statutes for an interpretation of "prevailing party," such as the costs statute (Code Civ. Proc. § 1032) and case law interpreting the federal Freedom of Information Act. These statutes do not assist the Authority. The premise that a party who prevails under the cost statute is necessarily the prevailing party for purposes of attorney fees has been "uniformly rejected" by California courts. (*Heather Farms Homeowners Assn., Inc. v. Robinson* (1994) 21 Cal.App.4th 1568, 1572 [26 Cal.Rptr.2d 758].) The standard for an award of attorney fees under the Freedom of Information Act is entirely different. The court has discretion to withhold fees; even a plaintiff who has "substantially prevailed" and is therefore eligible for fees will receive an award only after the court balances a number of factors, including among others the reasonableness of the

that the plaintiff did not prevail. But there is no support for such a finding in this case, where the court ordered disclosure of one of two contested documents, and where the claim for the other was not frivolous. Any other conclusion would be inconsistent with the express purpose of the California Public Records Act to broaden public access to public records. (*Times Mirror Co. v. Superior Court, supra,* 53 Cal.3d at p. 1335.) A plaintiff whose suit succeeds in obtaining public disclosure of withheld documents has furthered that purpose. We conclude that to withhold attorney fees when the party seeking disclosure is in error about the exempt status of one of the documents would chill efforts to enforce the public right to information.

### 2. *The California Public Records Act does not require a request for records to be in writing.*

■ In support of its ruling that the Times was not the prevailing party, the trial court said that Government Code section 6253 contemplates a written request for records. The court apparently took the view that the Times's oral request caused "much needless work for all" and thus supported a denial of attorney fees. That likewise was error.

The act requires that records not exempt from disclosure be made available "upon a request for a copy of records that reasonably describes an identifiable record or records . . . ." (Gov. Code, § 6253, subd. (b).) It is clear from the requirements for writings in the same and other provisions of the act that when the Legislature intended to require a writing, it did so explicitly. (E.g., Gov. Code, §§ 6253, subd. (c), 6255, subd. (b).)

The California Public Records Act plainly does not require a written request. Moreover, from the time the Times filed its petition, it was clear to the Authority that two documents were in dispute: the KPMG narratives and the Long Beach audit report. The record is also clear that the Authority resisted disclosure of both documents throughout the litigation, on multiple grounds. Assuming that the act affords trial courts discretion to deny attorney fees on equitable grounds, it had no discretion to do so on the ground that the oral request caused "needless work."[10] Because the Times was compelled to file a lawsuit to disgorge a public record from a public agency, it is entitled to attorney fees for doing so.

---

agency's withholding and the benefit to the public. (*Weisberg v. U.S. Dept. of Justice* (D.C. Cir. 1984) 745 F.2d 1476, 1498.) That is not the standard under the California Public Records Act.

[10]See *Hsu v. Abbara* (1995) 9 Cal.4th 863, 876-877 [39 Cal.Rptr.2d 824, 891 P.2d 804] (trial court may not invoke equitable considerations unrelated to litigation success, such as parties' behavior during settlement or discovery, in exercising discretion under § 1717 of the Civil Code to determine there is no prevailing party for purposes of attorney fees in a contract

## Conclusion

In summary, an order denying attorney fees under the California Public Records Act is reviewable on appeal. On the merits, we conclude that (1) the Times's motion in the trial court for an award of attorney fees was not untimely under rule 870.2(b) of the California Rules of Court, and (2) the Times "prevail[ed] in litigation filed pursuant to" Government Code section 6259 of the California Public Records Act, and was therefore entitled to its fees when, as a result of the lawsuit, it obtained one of the two documents it sought.

The Times has also requested and is entitled to its attorney fees and costs on appeal. (*San Gabriel Tribune v. Superior Court* (1983) 143 Cal.App.3d 762, 781 [192 Cal.Rptr. 415].)

## Disposition

The judgment is reversed and the case remanded for an award to appellant of court costs and reasonable attorney fees, both in the proceedings below and on appeal, in amounts to be determined by the trial court.

Johnson, Acting P. J., and Woods, J., concurred.

Respondent's petition for review by the Supreme Court was denied September 12, 2001.

---

action; court has no such discretion where one party obtained all the relief requested on the single contract claim presented).