Filed 8/24/21  C.H. Reynolds Electric v. Powers CA6

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| C.H. REYNOLDS ELECTRIC, INC., | H046554 |
| Plaintiff and Appellant, | (Santa Clara County Super. Ct. No. 17CH007422) |
| v. | |
| GAVIN JOHN POWERS, | |
| Defendant and Respondent. | |

Appellant C.H. Reynolds Electric, Inc. (CHRE) initiated contempt proceedings against its former employee, respondent Gavin John Powers,[1] after he violated a workplace violence restraining order.  On appeal, CHRE challenges the trial court's order denying CHRE recovery of security costs from Powers and asserts they are recoverable under the governing statute, Code of Civil Procedure section 1218, subdivision (a).[2]  For the reasons we explain below, we affirm the order.

## I.  FACTS AND PROCEDURAL BACKGROUND

In 2017, CHRE obtained a workplace violence restraining order against Powers, who had worked as a foreman for CHRE on a construction project.  After Powers later violated the 2017 restraining order, CHRE initiated contempt proceedings.  In September

---

[1] Powers has not participated in this appeal.

[2] Unspecified statutory references are to the Code of Civil Procedure.

2017, the trial court found Powers in contempt based on numerous violations of the restraining order and stayed imposition of the sentence which, by agreement of the parties, was six days in the county jail and a $1,000 fine.

In July 2018, the trial court again held Powers in contempt, finding he had willfully sent texts and e-mails to parties protected by the restraining order. The trial court lifted the stay on the 2017 sentence and imposed a modified jail term of five days (instead of six) and a $1,000 fine. The trial court also imposed a 15-day jail term and a fine of $4,000 for the new contempt violations. The trial court allowed CHRE to seek attorney fees and costs under section 1218, subdivision (a) (hereafter section 1218(a)) for both contempt proceedings.

CHRE filed a motion and supporting papers under section 1218(a) seeking, among other fees and costs, approximately $30,000 for private security guard expenses (hereafter security costs). CHRE argued that it had to retain armed security to protect its employees because local law enforcement and the trial court failed to act quickly and Powers's conduct was increasingly unstable. In a declaration, CHRE's attorney stated that "CHRE was forced to incur private security guard and emergency intercom expenses in the amount of $29,935.00 because local law enforcement and the Court did not redress the contemptuous activity in a speedy manner and it had a duty to provide its employees with a safe and secure workplace." That declaration also attached, among other documents, supporting invoices and a 2002 federal OSHA fact sheet regarding workplace violence that detailed additional protections an employer could take to secure the workplace, including hiring security guards. The motion contended, based on certain legislative history of section 1218, the Legislature intended for "an employer prosecuting a contempt action to be 'made whole.' "

On November 16, 2018, following a hearing, the trial court issued the written order that is the subject of this appeal. The trial court ordered Powers to pay CHRE approximately $4,000 in various court costs and approximately $83,000 in attorney fees.

2

However, the trial court rejected CHRE's request for reimbursement of security costs. The trial court stated that, although the claimed costs were "reasonable" in light of Powers's conduct, the costs were "not 'connected' sufficiently with the contempt proceeding to fall within section 1218(a)." Furthermore, the trial court found that the "snippet of somewhat-ambiguous legislative history" suggesting that employers should be made whole could not overcome the plain language of section 1218(a) requiring a connection to the contempt proceeding. The court therefore declined to order Powers to reimburse CHRE for the security costs.

CHRE filed a notice of appeal of the November 16, 2018 order, asserting it was appealing from "[a]n order after judgment under Code of Civil Procedure, § 904.1(a)(2)."

## II. DISCUSSION

CHRE challenges the trial court's denial of its request for security costs, which it asserts are recoverable under section 1218(a). CHRE argues we should apply de novo review to the question whether, on these facts, its security costs were sufficiently connected to the contempt proceedings to be recoverable. CHRE maintains the security costs were logically related to the contempt proceedings as the company had to incur them due to delays by law enforcement and courts in responding to Powers's violations of the restraining order.

A. *Appealability*

In its statement of appealability (see Cal. Rules of Court, rule 8.204(a)(2)(B)), CHRE contends section 904.1, subdivision (a)(1), authorizes its appeal from the partial denial of its motion for attorney fees and costs. CHRE acknowledges that a " 'judgment of contempt' is nonappealable" (see § 1222). However, it asserts that the November 16, 2018 order issued in the contempt proceedings is appealable as a final judgment, relying primarily on *Los Angeles Times v. Alameda Corridor Transportation Authority* (2001) 88 Cal.App.4th 1381, 1388 (*LA Times*). Alternatively, CHRE requests that we treat its appeal as a writ proceeding.

3

A reviewing court has jurisdiction over a direct appeal only when there is (1) an appealable order or (2) an appealable judgment. (*Griset v. Fair Political Practices Com.* (2001) 25 Cal.4th 688, 696 (*Griset*).) Because the existence of an appealable judgment or order "is a jurisdictional prerequisite to an appeal" (*Jennings v. Marralle* (1994) 8 Cal.4th 121, 126), a reviewing court must resolve any doubts regarding finality of a judgment or appealability of an order before turning to the merits of the appeal. (*Ibid.*)

Whether a trial court's order is appealable is determined by statute. (*Griset*, *supra*, 25 Cal.4th at p. 696.) Section 904.1 provides the main statutory authorization for civil appeals. (*Enrique M. v. Angelina V.* (2004) 121 Cal.App.4th 1371, 1377.) It states in relevant part that an appeal may be taken from a final judgment (§ 904.1 subd. (a)(1)).[3]

Based on the circumstances here, we conclude that the order at issue in this case fits under the rubric of an appealable final judgment. In *LA Times*, the appellate court concluded it had jurisdiction under section 904.1, subdivision (a)(1), over an order denying attorney fees incurred in a California Public Records Act lawsuit, even though the underlying judgment was not itself appealable. (*LA Times*, *supra*, 88 Cal.App.4th at pp. 1384, 1388–1389.) The Court of Appeal in *LA Times* reasoned that the attorney fees order was appealable because, "[n]othing remains for future consideration, and no other opportunity exists for appellate review" and it "is therefore 'properly viewed as a final judgment and hence appealable as such' under section 904.1, subdivision (a)(1)." (*Id.* at p. 1389; see also *Estate of Miramontes-Najera* (2004) 118 Cal.App.4th 750, 755.) We reach the same conclusion here.

With respect to the trial court's order denying CHRE the security costs, nothing remains to be adjudicated, and there exists no other avenue for appellate review. While a

_____

[3] As CHRE points out in its briefing, CHRE's notice of appeal relied on another listed ground in section 904.1—section 904.1, subd. (a)(2)—that applies to an order made after an appealable judgment. CHRE asserts that its reliance on that ground was in error because contempt judgments are nonappealable. We agree and therefore do not address this ground further.

judgment or order of contempt is not directly appealable (see § 1222; *Bermudez v. Municipal Court* (1992) 1 Cal.4th 855, 861, fn. 5), we are not faced with an order of contempt, but rather an order setting costs and attorney fees. We further note that the reasons for prompt writ review (rather than a direct appeal) of a judgment or order of contempt are not at issue here. (Cf. *In re M.R.* (2013) 220 Cal.App.4th 49, 65 ["A challenge to a judgment of contempt requires writ review because it is vital that an order of incarceration be reviewed promptly."].) We are therefore satisfied that the order under these circumstances is an appealable final judgment, and we have jurisdiction to review it.

B. *Analysis*

Turning to the merits of the appeal, we do not agree with CHRE that the trial court committed reversible error in declining to award the claimed security costs under section 1218(a). That statute provides: "[A] person who is subject to a court order as a party to the action . . . who is adjudged guilty of contempt for violating that court order may be ordered to pay to the party initiating the contempt proceeding the reasonable attorney's fees and costs incurred by this party in connection with the contempt proceeding."

CHRE asserts we should review the trial court's conclusion de novo. Although we have not located a published decision articulating the standard of review for a trial court's order under section 1218(a), we reject CHRE's argument that its challenge presents a pure question of law. Instead, we conclude we should review the order for abuse of discretion. Notably, the statute uses the word "may" to describe the trial court's authority to order costs and therefore invests discretion in the court. (See *Chaaban v. Wet Seal, Inc.* (2012) 203 Cal.App.4th 49, 52 [holding, in context of order denying motion to tax costs and allowing costs under section 1033.5, "[t]o the extent the statute grants the court discretion in allowing or denying costs or in determining amounts, we reverse only if there has been a ' "clear abuse of discretion" and a "miscarriage of justice" ' "].)

5

We analogize our review of a costs order under section 1218(a) to an award for attorney fees under that statute.  " ' " ' "An order granting or denying an award of attorney fees is generally reviewed under an abuse of discretion standard of review; however, the 'determination of whether the criteria for an award of attorney fees and costs have been met is a question of law.'  . . . " ' " . . . An issue of law concerning entitlement to attorney fees is reviewed de novo.' "  (*Rickley v. Goodfriend* (2012) 207 Cal.App.4th 1528, 1533.)  With respect to what constitutes an abuse of discretion, " '[d]iscretion is abused whenever, in its exercise, the court exceeds the bounds of reason, all of the circumstances before it being considered.  The burden is on the party complaining to establish an abuse of discretion, and unless a clear case of abuse is shown and unless there has been a miscarriage of justice a reviewing court will not substitute its opinion and thereby divest the trial court of its discretionary power.' "  (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 566.)

With these principles in mind and having carefully reviewed the record, we conclude the trial court did not abuse its discretion.  There is no indication that the trial court misunderstood the relevant law or believed it generally lacked authority to grant security costs.  We disagree with CHRE's contention that the trial court "improperly interpreted the statutory phrase 'in connection with contempt proceedings.' "  Under the permissive terms of section 1218(a), the trial court was not required to order Powers to pay *any* costs incurred by CHRE, regardless whether security costs are theoretically recoverable under the statute.  Rather, "the Legislature intended to authorize a trial court to, in its discretion, require a contemner to pay the complainant's reasonable attorney fees and costs incurred in connection with the contempt proceeding."  (*Goold v. Superior Court* (2006) 145 Cal.App.4th 1, 10.)

CHRE argues it had to incur these security costs because local law enforcement failed to "properly" enforce the restraining order and Powers posed a "credible threat." But whether Powers should be ordered to pay them is a question the statute commits to

6

the discretion of the trial court.  Although another trial court may well have reached a different decision, we see no abuse of discretion in the trial court's conclusion that the security costs were too attenuated from the contempt proceedings in this case to justify ordering Powers to pay for them.  While we are sympathetic to the security concerns faced by CHRE, we cannot conclude the trial court erred.  We therefore affirm its order.

## III.  DISPOSITION

The appeal from the November 16, 2018 order is affirmed.

_____
                        Danner, J.

WE CONCUR:

_____
Greenwood, P.J.

_____
Grover, J.

**H046554**
*C.H. Reynolds Electric, Inc. v. Powers*