Filed 12/15/23  Vacation Rental Owners etc. v. City of Rancho Mirage CA4/2
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| VACATION RENTAL OWNERS AND NEIGHBORS OF RANCHO MIRAGE et al., | E078784 |
| Plaintiffs and Respondents, | (Super.Ct.No. CVRI2100368) |
| v. | OPINION |
| CITY OF RANCHO MIRAGE et al., | |
| Defendants and Appellants. | |

APPEAL from the Superior Court of Riverside County.  Russell L. Moore, Judge.

Appeal dismissed.

Law Offices of Quintanilla & Associates, Michael R. Cobden, Steven B. Quintanilla, Colin D. Kirkpatrick; Colantuono, Highsmith & Whatley, Holly O. Whatley and Alena Shamos for Defendants and Appellants.

Slovak, Baron, Empey, Murphy & Pinkney, and Shaun M. Murphy for Plaintiffs and Respondents.

1

This is the third appeal arising from a lawsuit challenging the validity of an ordinance in the City of Rancho Mirage (the city) banning short-term rentals in most residential neighborhoods. The trial court issued a preliminary injunction directing the city not to enforce the ordinance and instead to issue short-term rental permits to certain applicants whose residential properties were permitted for such rentals before the new law took effect. The city attorney directed the city's employees not to issue the permits, leading the trial court to find the city in contempt for violating the preliminary injunction. The court subsequently awarded attorney fees for the contempt proceedings to Vacation Rental Owners and Neighbors of Rancho Mirage (Vacation Rental) and Allicia Davis (collectively, petitioners). The city appeals from the order awarding attorney fees and challenges the validity of the underlying finding of contempt. We dismiss the appeal for lack of jurisdiction.

BACKGROUND

A. *The Ordinance and the Lawsuit*

Ordinance No. 1174 (Ordinance 1174) became effective in December 2020. Ordinance 1174 prohibits short-term rentals in the city in all public neighborhoods and any common interest developments imposing such a restriction.

An owner must obtain a short-term rental certificate from the city to rent an eligible property as a short-term rental. The certificate must be renewed annually. Any property owner who had a valid certificate when Ordinance 1174 became effective for a

property that was made ineligible for short-term rentals by the new law would not be permitted to renew the certificate or to apply for a new certificate.

In January 2021, petitioners and others filed a 153-page verified petition for writ of mandate and a complaint for declaratory and injunctive relief challenging the constitutionality and validity of Ordinance 1174. Vacation Rental described itself as a nonprofit organization "whose exclusive purpose is to advance and protect the interests of law-abiding [short-term rental] operators in [the city]." Vacation Rental alleged that 35 members had active short-term rental permits in the city that appeared to be threatened by the new law.

B. *The Preliminary Injunction*

The trial court issued a preliminary injunction in April 2021. The court enjoined the city from assessing short-term rental applicants' eligibility for rental certificates on the basis of maps that purported to depict districts in which short-term rentals were allowed or banned but that the court found "to be flatly at odds" with Ordinance 1174.

On July 23, 2021, the court modified the preliminary injunction, finding that petitioners demonstrated that circumstances had changed since April. Three named petitioners had requested dismissal because they could no longer afford to maintain their residential properties without being allowed to rent them on a short-term basis. The court "conclude[d] that the remaining petitioners in this case should be restored to the status quo as it existed prior to ordinance 1174's enactment." The court explained that it meant "that the remaining petitioners in this case shall be permitted to submit applications to the

3

city for [short-term rental] permits under the requirements in existence immediately before ordinance 1174's enactment." The court clarified that the modified injunctive relief applied only to residences for which short-term rental permits had been issued under the previous law.

C. *Contempt Proceedings*

In September 2021, petitioners initiated contempt proceedings against the city. Mary Davis and petitioners' attorney submitted declarations under Code of Civil Procedure section 1211. (Unlabeled statutory references are to the Code of Civil Procedure.) Mary is on Vacation Rental's board of directors and is a member of the organization.[1] Mary identified four residential properties in the city that she, her husband, and her daughter (Allicia) own either individually or through limited liability companies. Mary attested that all four properties had short-term rental "permits in 2020 and would be eligible for [short-term rental] permits if the permit applications were processed in accordance" with the law in effect before Ordinance 1174.

Mary described her actions to obtain short-term rental permits for the four properties after the July 2021 order modifying the injunction, and she attested that the city had refused to process short-term rental applications for the properties as of her filing of the declaration in late September. In August, a senior code enforcement officer told Mary and confirmed in an email that the "applications were 'on hold'" pending the outcome in this court of the city's request for a stay of the July order. (On August 18,

---

[1] We refer to Mary and Allicia by their first names because they have the same last name. No disrespect is intended.

4

2021, we denied the city's petition for a writ of supersedeas and request for an immediate stay.)

Petitioners' attorney, Melinda Luthin, described her email communications with the city's counsel concerning the status of the short-term rental applications in light of the July 2021 order. In August, Luthin emailed opposing counsel a list of Vacation Rental's members and the short-term rental properties they owned.

In a memorandum of points and authorities filed in support of finding the city in contempt, petitioners requested attorney fees for the contempt proceedings in an amount to be determined later.

The court issued an order to show cause under section 1212, directing the city to demonstrate why the court should not find it to be in contempt. The court set the matter for a hearing on October 13, 2021.

The day before the hearing, the city filed its opposition, along with several supporting declarations and attached exhibits. The city argued that the court's July 2021 order was ambiguous because the only remaining "named" petitioners were Vacation Rental and Allicia. The city argued that it was challenging to determine to whom the preliminary injunction applied even when the city interpreted the order as including Vacation Rental members because "the membership of that organization is far from clear."

The city attorney attested: "I determined that the City could not comply [with] the July 23 Order while simultaneously complying with the Municipal Code and applicable

5

state law, and preserving the City's rights on appeal. In my capacity as the Executive in charge of the City employees who process the [Short-Term Rental] Certificate applications, I directed City staff to cease processing applications issued under the Court's July 23 Order pending a decision on the merits in the appeal."

The day before the hearing, the court issued a tentative ruling. The court tentatively found that the city had failed to comply with the court's July 2021 order, thus leaving petitioners "with no choice but to invoke the court's contempt power" and the "court with no choice but to exercise said power." The court indicated that it was limited to determining whether the city had been in contempt in not issuing permits for the Davises' properties, because the Davises were the only Vacation Rental members who had filed declarations establishing their properties' eligibility for permits under the modified preliminary injunction. The court found that the evidence established that the Davises had "complied with all requirements for short-term rental permits under pre-ordinance 1174 law."

As to "[t]he question of whether [the city] ha[d] been in contempt of court *prior* to today's date and if so what remedy is appropriate," the tentative ruling indicated that the issue likely would not be resolved at the next day's hearing. The court viewed the city's "refusal *going forward* to grant [short-term rental] permits to the Davises as a significant injustice requiring a significant remedy." The court was thus "inclined to issue fines in the amount of $1,000 per day *and per permit* for each day [the city] continue[d] to refuse to issue [short-term rental] permits to the Davises for their four properties . . . ."

6

(Boldface omitted.) The tentative ruling concluded: "Pursuant to its coercive contempt powers under Code of Civil Procedure sections 128, 1209 et seq., [citations], and other applicable authorities, the court's tentative is to impose fines prospectively in an effort to coerce [the city's] compliance with this court's order."

At the hearing on October 13, 2021, the court reiterated that it was exercising its contempt power only as to the city's refusal to issue short-term rental permits for the Davises' four properties. The court asked the parties if the Davises had received short-term rental permits in the past day. The city's attorney stated that the city had not issued any permit but was "prepared to issue those certificates [for the Davises' properties] before the end of the business day" if the court adopted its tentative ruling. The court ruled orally and in its minute order that the tentative ruling would "become the order of the court." The minute order also includes a verbatim copy of the tentative ruling.

During the hearing, the parties argued about how the city could and should determine which applications to process according to the modified preliminary injunction. The court set a hearing for the following week to address the issue and for the city to identify applicants whose Vacation Rental membership status the city questioned. The court indicated that it could extend the "contempt order to include others beyond the Davises" if petitioners made such a request supported by appropriate declarations.

The court subsequently held two status hearings concerning the state of the short-term rental application process for those applicants who qualified to have their applications considered under the modified preliminary injunction. At the first hearing,

7

the city's attorney indicated that the city had issued 19 short-term rental permits for qualified applicants since the last hearing, including those for the Davises. At the second hearing, the city's attorney indicated that the city had approved 23 applications in total and denied six. The court noted that if petitioners had any issue about the six denials, the problem was "outside the four corners of the contempt citation." The court found that no further contempt action was warranted except that it intended "to award attorney fees, at least to entertain that motion and to hear the parties' respective arguments about attorney fees."

D. *Attorney Fees*

Petitioners moved under subdivision (a) of section 1218 (section 1218(a)) for attorney fees for the contempt proceedings. Section 1218(a) provides that "a person who is subject to a court order as a party to the action, or any agent of this person, who is adjudged guilty of contempt for violating that court order may be ordered to pay to the party initiating the contempt proceeding the reasonable attorney's fees and costs incurred by this party in connection with the contempt proceeding."

In total, petitioners requested $65,482.50 in attorney fees and $4,084.36 in costs. The request was based on the declarations and supporting evidence of petitioners' attorneys, Luthin and Shaun Murphy. Luthin attested that her hourly rate was $525 and that she had spent over 97 hours on the contempt proceedings and the related attorney fees motion and would spend an additional 10 hours on the attorney fees matter. Murphy charged $600 per hour and worked 14.9 hours on the contempt proceedings. Tables

8

identifying the work performed and the time billed were attached as exhibits to the declarations.

The city opposed the motion, arguing that petitioners were not entitled to attorney fees under section 1218(a) because the court had not found the city in contempt in the October 13, 2021, order. The city argued in the alternative that petitioners requested an unreasonable amount of fees.

The court issued a tentative ruling the day before the hearing on the motion. The tentative ruling rejected the city's argument that the court had not made a finding of contempt on October 13, 2021, and found an award of attorney fees and costs was appropriate. The tentative identified the amount of fees and costs that the court was inclined to award, which was less than the amount requested.

At the hearing on the motion, Luthin argued that the court should award petitioners the full amount that they had requested and that the court had incorrectly calculated the reduced fees. The court suggested that counsel submit "a table or a diagram" to illustrate how she believed that the court had erred in its calculations in the tentative ruling. The court noted that it would finalize the order at a later hearing.

Luthin filed a revised table of fees and costs in support of her original declaration supporting petitioners' motion for attorney fees. Luthin did not file an amended declaration along with the revised table.

The city objected to Luthin's amended table of fees and costs. The city argued that the total amount of attorney fees requested ($49,876.95) was nearly $10,000 more

9

than the court had tentatively indicated that it would award. The city requested that the court award approximately $5,000 less than was indicated in the tentative ruling.

In February 2022, the court awarded petitioners $49,876.95 in attorney fees and costs. On April 1, 2022, the city appealed from the February order, which it described in the notice of appeal as an "[o]rder awarding attorney fees after contempt judgment," and the city asserted that the order was appealable under section 904.1, subdivision (a)(1) (section 904.1(a)(1)). On April 7, 2022, the city filed a petition for writ of mandate challenging the trial court's "finding of contempt and its associated award of attorneys' fees." We summarily denied the petition.

## DISCUSSION[2]

Petitioners argue that the appeal must be dismissed for lack of jurisdiction. We agree and accordingly dismiss the appeal.

We "have jurisdiction over a direct appeal, like the present one, only where there is an appealable order or judgment." (*In re Marriage of Garcia* (2017) 13 Cal.App.5th 1334, 1342; *Jennings v. Marralle* (1994) 8 Cal.4th 121, 126.) "The right to appeal is wholly statutory." (*Dana Point Safe Harbor Collective v. Superior Court* (2010) 51 Cal.4th 1, 5 (*Dana Point*).) Section 904.1 lists appealable orders and judgments. (*Dana Point*, *supra*, at p. 5.) Subdivision (a)(2) of section 904.1 (section 904.1(a)(2)) allows an appeal from "an order made after a judgment made appealable by paragraph (1)."

---

[2] We deny petitioners' request for judicial notice of filings in the trial court that occurred after the notice of appeal was filed in this case, because the documents are not relevant to any material issue on appeal. (*People ex rel. Lockyer v. Shamrock Foods Co.* (2000) 24 Cal.4th 415, 422, fn. 2.)

10

Under section 904(a)(1), an appeal may not be taken from "a judgment of contempt that is made final and conclusive by Section 1222." Section 1222 provides that "[t]he judgment and orders of the court or judge, made in cases of contempt, are final and conclusive." Thus, under those statutory provisions, "[i]t is well settled that orders and judgments made in cases of contempt are not appealable." (*John Breuner Co. v. Bryant* (1951) 36 Cal.2d 877, 878 (*Breuner*); *McCord v. Smith* (2020) 51 Cal.App.5th 358, 367.)

"The proper method to challenge a contempt order is to seek extraordinary writ relief, either through a petition for a writ of habeas corpus, certiorari, or prohibition." (*In re M.R.* (2013) 220 Cal.App.4th 49, 65; *People v. Gonzalez* (1996) 12 Cal.4th 804, 816 ["review of the contempt judgment is by extraordinary writ"].) The city does not dispute that point. Rather, the city contends that it is not appealing from the order of contempt but instead is appealing from the order awarding attorney fees, which the city claims "is appealable as a final judgment" under section 904.1(a)(1). We disagree.

In support of its contention that the order awarding attorney fees under section 1218(a) is an appealable final judgment, the city cites *Rickley v. Goodfriend* (2012) 207 Cal.App.4th 1528 (*Rickley*) and *L.A. Times v. Alameda Corridor Transp. Auth.* (2001) 88 Cal.App.4th 1381 (*L.A. Times*). Both cases are distinguishable and do not aid the city. *Rickley* involved an appeal from the denial of an attorney fee award to a pro se litigant in a *postjudgment* contempt proceeding. (*Rickley*, *supra*, at p. 1532.) The Court of Appeal considered the merits of the appeal without addressing its jurisdiction. (*Id.* at pp. 1532-1538.) It is "'axiomatic that a decision does not stand for a proposition not considered by

11

the court.'" (*Wishnev v. The Northwestern Mutual Life Ins. Co.* (2019) 8 Cal.5th 199, 217.) In any event, because the order concerning attorney fees in *Rickley* was issued after entry of judgment, the order was made appealable as a postjudgment order under section 904.1(a)(2).

Here, by contrast, the court awarded attorney fees after issuing a preliminary injunction, not after it entered a final judgment. Accordingly, unlike the order awarding attorney fees under section 1218(a) in *Rickley*, *supra*, 207 Cal.App.4th 1528, the order here is interlocutory and not appealable as a postjudgment order under section 904.1(a)(2).

*L.A. Times*, *supra*, 88 Cal.App.4th 1381 is similarly unavailing. In that case, the Los Angeles Times appealed from an order denying its motion for attorney fees incurred in a mandamus proceeding in which it sought to obtain documents from a municipal agency under the then-applicable California Public Records Act (former Gov. Code, § 6250 et seq.). (*L.A. Times*, at p. 1384.) The trial court ordered the agency to disclose certain documents, and neither party sought review of the order. (*Id.* at pp. 1384-1385.) Several months later, the Los Angeles Times sought attorney fees under a California Public Records Act provision that requires such an award for a plaintiff who prevails in litigation brought under the statute. (*Id.* at p. 1385.) The trial court denied the motion for attorney fees, and the Los Angeles Times appealed from that denial. (*Id.* at p. 1384.) The agency moved to dismiss the appeal, arguing that the order was only reviewable by extraordinary writ because the order concerning disclosure was not

12

appealable under the statute and could only be reviewed by extraordinary writ. (*Id.* at pp. 1384-1385.) The Court of Appeal denied the motion, reasoning that "both case precedent and legislative history [of the then-applicable California Public Records Act] confirm that, while disclosure orders are reviewable only by extraordinary writ, the Legislature did not intend to eliminate review by appeal of orders involving only attorney fees and costs." (*Id.* at p. 1388.)

In *L.A. Times*, the municipal agency also argued that the order denying attorney fees was not an appealable postjudgment order because the underlying order was not appealable. (*L.A. Times*, *supra*, 88 Cal.App.4th at p. 1388.) *L.A. Times* rejected the argument, concluding that the fees order was an appealable final judgment under section 904.1(a)(1) even though the underlying order was not appealable. (*L.A. Times*, at p. 1388.) *L.A. Times* reasoned that "the order denying attorney fees itself has 'all the earmarks of a final judgment.' Nothing remains for future consideration, and no other opportunity exists for appellate review." (*Id.* at pp. 1388-1389.)

The city argues that the same reasoning applies here. It contends that "the trial court completed the contempt proceedings when it awarded attorney fees," so "[n]othing remains for future consideration, and there is no other opportunity for appellate review of the award of fees." We disagree. While it is true that nothing remains for future consideration of the attorney fee award or in the underlying contempt proceeding, the order awarding attorney fees here is not immune from appellate review. The order was already subject to appellate review. The city filed a petition for writ of mandate

13

challenging the award, and we summarily denied the petition. Thus, like the order of contempt, an order awarding attorney fees under section 1218(a) is reviewable (and was actually reviewed in this case) by extraordinary writ.

Moreover, we see no indication that the Legislature intended attorney fees orders for contempt proceedings to be treated as separately appealable orders. The city's own arguments in this appeal—which largely attack the contempt order itself as a basis for attacking the fees and costs award—show that allowing parties to appeal an order awarding attorney fees under section 1218(a) would potentially render the underlying finding of contempt subject to review by appeal rather than by extraordinary writ, which is directly contrary to the statutory directive that contempt orders and judgments are not appealable. (§§ 904.1(a)(1), 1222; *Breuner*, *supra*, 36 Cal.2d at p. 878.)

For these reasons, we conclude that the interlocutory order awarding petitioners attorney fees under section 1218(a) for the contempt proceedings associated with the October 13, 2021, finding of contempt against the city is not appealable.

We deny the city's request to exercise our discretion to treat the appeal as a petition for writ of mandate. Although we have the power "to treat the purported appeal as a petition for writ of mandate, we should not exercise that power except under unusual circumstances." (*Olson v. Cory* (1983) 35 Cal.3d 390, 401.) No such circumstance exists here. We previously reviewed the challenge as a petition for writ of mandate. We see no reason to duplicate our efforts.

14

## DISPOSITION

The appeal is dismissed.  Vacation Rental and Allicia Davis shall recover their costs of appeal.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MENETREZ

J.

We concur:

RAMIREZ

P. J.

CODRINGTON

J.