Filed 4/16/26  ACLU of Southern Cal. v. City of Fresno CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| AMERICAN CIVIL LIBERTIES UNION OF SOUTHERN CALIFORNIA,<br><br>Plaintiff and Appellant,<br><br>v.<br><br>CITY OF FRESNO,<br><br>Defendant and Respondent. | F090114<br><br>(Super. Ct. No. 24CECG01635)<br><br>**OPINION** |

-ooOoo-

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Fresno County.  W. Kent Hamlin, Judge.  (Retired Judge of the Fresno Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)

American Civil Liberties Union Foundation of Northern California, Nicolas Hidalgo and Angelica Salceda; American Civil Liberties Union Foundation of Southern California and Stephanie Padilla for Plaintiff and Appellant.

Lewis Brisbois Bisgaard & Smith, Tony M. Sain and Abigail J.R. McLaughlin for Defendant and Respondent.

-ooOoo-

[*] Before Detjen, Acting P. J., Meehan, J. and DeSantos, J.

## INTRODUCTION

Appellant American Civil Liberties Union of Southern California (ACLU) filed in the superior court a verified petition for writ of mandate and complaint for injunctive and declaratory relief, seeking to compel respondent City of Fresno (City) to disclose certain records pursuant to the California Public Records Act (CPRA) (Gov. Code, § 7920.000 et. seq.). The court granted the peremptory writ of mandate and directed City to provide specified records. The court also granted ACLU's request for costs but denied ACLU's request for attorneys' fees. (*City of Fresno v. Superior Court* (2026) 119 Cal.App.5th 418, 427–428 (*City of Fresno*).)[1]

ACLU argues it was entitled to reasonable attorneys' fees under the CPRA as the prevailing party in the litigation. City concedes that ACLU is entitled to attorney's fees as the prevailing party.

We reverse the superior court's order as to attorneys' fees only. In all other respects, the order is affirmed.

## BACKGROUND

The relevant background is set forth in our opinion in *City of Fresno*, *supra*, 119 Cal.App.5th at pages 425 through 428. Briefly stated, ACLU submitted to City a CPRA request for records regarding the City of Fresno Police Department's use of police canines or "K-9's." City eventually produced some records responsive to the request but also stated that other records were redacted or withheld based on exemptions under the federal and state Constitutions, Government Code, Penal Code, Evidence Code, and case law. (*City of Fresno*, at p. 425.) Relevant here, City asserted the redacted or withheld records were exempt from disclosure as law enforcement investigatory files (Gov. Code, §§ 7923.600–7923.630), and were not subject to an exemption set forth in Penal Code

---

[1] On our own motion, we take judicial notice of our recent opinion in *City of Fresno*.

section 832.7 for records relating to "[a]n incident involving the use of force against a person by a peace officer or custodial officer that resulted in death or in great bodily injury" (Pen. Code, § 832.7, subd. (b)(1)(A)(ii)).  The parties disagreed regarding the meaning of the term "great bodily injury" as used in Penal Code section 832.7, subdivision (b)(1)(A)(ii), with ACLU asserting the term should be construed to have the same meaning as "great bodily injury" as defined in subdivision (f)(1) of Penal Code section 12022.7, and City asserting the term should be construed more narrowly to have the same meaning as "serious bodily injury" as defined in subdivision (d)(4) of Government Code section 12525.2.  (*City of Fresno*, *supra*, 119 Cal.App.5th at pp. 424, 425–427.)

Eventually, ACLU filed its verified petition for writ of mandate and complaint for injunctive and declaratory relief asking the court to issue (1) a peremptory writ of mandate directing City to immediately disclose all nonexempt and requested public records, or parts thereof, in its possession; (2) an injunction requiring City to produce all disclosable records and to reproduce records without improper redactions, forthwith; and (3) a declaration that City's conduct violates the CPRA by failing to timely disclose all nonexempt, requested public records in its possession, and in improperly redacting information from records that were produced.  ACLU also sought reasonable attorneys' fees, costs, and such other and further relief as the court deemed just and proper.  (*City of Fresno*, *supra*, 119 Cal.App.5th at pp. 425–426.)

On May 19, 2025, the court issued a judgment granting the peremptory writ of mandate.  (*City of Fresno*, *supra*, 119 Cal.App.5th at pp. 427–428.)  The court held City " 'has a duty to produce every responsive record that evidences a canine deployment that caused great bodily injury, as defined in Penal Code Section 12022.7[, subdivision ](f) and reported court cases interpreting the term, as well as records reflecting a sustained finding involving a complaint that alleges unreasonable or excessive force by means of a canine deployment.' " (*Id*. at p. 428.)  Accordingly, the court issued a peremptory writ of

3.

mandate directing City to provide to ACLU specified records in incidents where great bodily injury was inflicted. The court granted ACLU's request for costs but denied ACLU's request for attorneys' fees. (*Ibid*.)

City filed a petition for writ of mandate in this court, seeking relief from the superior court's order. We held that the term "great bodily injury" in Penal Code section 832.7 should be construed consistently with Penal Code section 12022.7. Because the superior court's order was consistent with our holding, we denied the petition for writ of mandate. (*City of Fresno*, *supra*, 119 Cal.App.5th at pp. 424, 445.)

While proceedings on City's petition were pending in this court, ACLU brought this appeal from the superior court's order denying ACLU's request for attorneys' fees.

## **DISCUSSION**

ACLU argues an award of attorneys' fees was mandatory under the CPRA because ACLU was the prevailing party in the litigation. City concedes that ACLU prevailed below and is entitled to attorneys' fees under the CPRA.[2]

Government Code section 7923.115, subdivision (a) provides: "If the requester prevails in litigation filed pursuant to this chapter, the court shall award court costs and reasonable attorney's fees to the requester." Accordingly, a requester who prevails in CPRA litigation is entitled to reasonable attorneys' fees and costs. (*Filarsky v. Superior Court* (2002) 28 Cal.4th 419, 427 ["An award of costs and attorney fees pursuant to this provision is mandatory if the plaintiff prevails."]; *Bernardi v. County of Monterey* (2008) 167 Cal.App.4th 1379, 1393 [same].) A requester prevails under the CPRA when their litigation causes the public agency to disclose records that were previously withheld.

---

[2] City asked us to abstain from deciding this appeal until we disposed of its petition for writ of mandate because ACLU would no longer be considered the prevailing party if we were to grant City's petition. We have since denied City's petition and ACLU remains the prevailing party in the litigation.

(*Los Angeles Times v. Alameda Corridor Transportation Authority* (2001) 88 Cal.App.4th 1381, 1390–1391.)

Because Government Code section 7923.115 mandates an award of costs and attorneys' fees to a prevailing plaintiff in litigation pursuant to the CPRA, and because ACLU was indisputably the prevailing party, the court erred in denying attorneys' fees. Accordingly, we reverse the superior court's order as to the denial of attorneys' fees only.

## DISPOSITION

The superior court's May 19, 2025 order is reversed in part with respect to its denial of ACLU's request for reasonable attorneys' fees. In all other respects, the order is affirmed. The trial court, on remand, is directed to award ACLU reasonable attorneys' fees in pursuing relief in the superior court. Additionally, ACLU is entitled to recover attorneys' fees incurred on appeal. The superior court is directed to consider and rule upon a motion for such fees should ACLU seek such relief. Costs on appeal are awarded to ACLU. (Cal. Rules of Court, rule 8.278(a)(1), (3).)